A.DOLPH Neuendorff, Appellant, *v.* Abraham Duryea et al., Respondents.

| 69 | 557 |
| 140 | 215 |

Where the title of a local act expresses the subject embodied therein, the fact that such title does not in terms express a limitation to the locality affected, but is general enough to include the whole State, does not render it repugnant to the constitutional provision (art. 3, § 16), declaring that no local bill shall embrace more than one subject, which must be expressed in the title (Church, Ch. J., dissenting).

Accordingly *held*, (Church, Ch. J., dissenting,) that the title to the act entitled "An act to preserve the public peace and order on the first day of the week, commonly called Sunday" (chap. 501, Laws of 1860), the operation of which act is, by its terms, limited to the city of New York, was not a violation of that constitutional provision.

That title includes the subject of the act, *i. e.*, the prohibition of dramatic performances upon Sunday in the city of New York, as the cessation of such entertainments is one of the particulars going to make up "the public peace and order."

It was not essential that the title should declare the particular subject in order to meet the constitutional requirements; it was sufficient that the general subject therein expressed included it.

That act does not infringe upon the right to "the free exercise and enjoyment of religious profession and worship" preserved by the constitution (art. 1, § 3).

The legislature has authority to protect the Christian Sabbath from desecration, by such laws as it may deem necessary; and it is the sole judge of the acts proper to be prohibited, with a view to the public peace on that day.

*Durkee* v. *Janesville* (26 Wis., 697), distinguished.

(Submitted April 19, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York affirming a judgment of Special Term overruling plaintiff's demurrer to the answer of defendants.

The complaint in this action alleged in substance that plaintiff was the manager of an operatic company which had been in the habit of giving operatic and dramatic entertainments in the city of New York. That the defendants, who are the commissioners of the department of police, and the superintendent of police, in said city, prohibited him from giving such entertainments and notified him that unless their orders were obeyed they would enter plaintiff's premises and arrest him and the members of his company. Plaintiff asked that defendants be restrained from interrupting and interfering in any way with his performances and business.

The answer alleged that the performances mentioned in the complaints are entertainments of the stage, which by chapter 501, laws of 1860, are forbidden to be exhibited on Sunday in the city and county of New York, and that the order forbidding such entertainments was issued for the purpose of preserving the public peace and order on Sunday.

Plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defence.

*Henry Wehle*, for the appellant.

*D. J. Dean*, for the respondents. Chapter 501, Laws of 1860, entitled "An act to preserve the public peace

Opinion, per *Curiam.*

and order on the first day of the week, commonly called Sunday," does not controvert the provision of section 16, article 3, of the constitution, in relation to local acts and the titles thereof. (*Sun Mut. Ins. Co.* v. *The Mayor*, 8 N. Y. Rep., 252; *Williams* v. *The People*, 24 id., 506; *People* v. *Briggs*, 50 id., 553; 33 Barb., 561; *People* v. *Briggs*, 50 N. Y. Rep., 553; *Matter of Meyer*, 50 id., 504; *In re Astor*, 50 id., 363; *People* v. *Rochester*, 50 id., 525; *Huber* v. *People*, 49 id., 133; *Matter of Volkening*, 52 id., 650; *Matter of Van Antwerp*, 56 id., 261; *People* v. *Dudley*, 58 id., 323; *Sullivan* v. *The Mayor*, 53 id., 652; *Wenzler* v. *People*, 58 id., 516; *People* v. *Quigg*, 59 id., 83; *Harris* v. *People*, 59 id., 599; *People* v. *Wilsea*, 60 id., 507; *People* v. *Dansville*, 1 Hun, 593; *People* v. *Havemeyer*, 4 Hun, 365.) The act does not contravene art. 1 of sec. 3 of the constitution of this State, which provides that the free exercise and enjoyment of religious profession and worship shall forever be allowed to all. (*People* v. *Hoym*, 20 How., 76; *Lindenmuller* v. *People*, 33 Barb., 548.)

*Per Curiam.* It is not disputed but that the acts of the plaintiff, which have been interdicted by the defendants, are within the the terms of a statute prohibiting them. (Laws of 1860, chap. 501, p. 999.)

The sole question presented is whether the passage of that statute was within the constitutional power of the legislature. That question is again, in one phase of it, narrowed to the consideration of whether the title which the legislature has given to the act is proper and sufficient. The query arises, upon the requirement of the constitution (art. 3, § 16), that "no * * local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." It is conceded on the one side that the act is local.

It cannot be denied on the other that it treats of but one subject. That subject is the prevention of public dramatic entertainments and the like in the city of New York on

Sunday. The title of the act is: "An act to preserve the public peace and order on the first day of the week, commonly called Sunday." It will be seen that it is broad enough in its language to apply to the whole State. This, however, is not enough alone to determine that it is improper. If it meets the conceded purpose of the constitution, it is correct. (*People* v. *Briggs*, 50 N. Y., 553.) That purpose has been repeatedly declared to be, 1st, to prevent the union in one title of several local projects, or the attaching of some local project to a general subject, or *vice versa;* and 2d, by the title, to give information to all concerned in the subject of the act, that that subject is likely to be affected by pending legislation. It is plain that the first part of this purpose is met. There is in this act but one, local, subject. Is not the second part also met? The title is broad enough to indicate legislation in regard to the public peace and order, on Sunday, throughout the State. Hence it gave information to the people in New York city, and to their representatives in the legislature, that that locality was interested in the proposed enactment. The constitution seeks an end. The solicitude of it is not, how it is reached. And any method which attains that end satisfies the constitution, which prescribes no form.

The constitutional purpose was not to insure that there should be no legislation discriminating for or against any locality. It was to insure that such legislation should not be had without that locality being apprised of the intention so to legislate, with opportunity to urge or oppose. If the title of the bill be so general as to indicate to every portion of the State that possibly it may be brought within the scope of the law, that purpose is effected; so that, though the act deals with New York city alone, and the title indicates the whole State, the dwellers in New York city were apprised that there was a law proposed which might affect them.

The title is general: "To preserve the public peace and order on the first day of the week, commonly called Sunday." This clearly indicates legislation for the observance of the

Sunday — that day in particular. Though the words " public peace and order " are general, they indicate every particular which goes to make up those things. That a cessation from dramatic representations or the like on Sunday is a particular thereof, needs no further discussion, since the decision in *Lindenmuller* v. *The People* (33 Barb., 548), which has never been questioned in a court of higher or equal authority; (see, also, *People* v. *Hoym*, 20 How. Pr. R., 76.)

Though the cases cited arose under the same act which is now under consideration, they are pertinent to the matter in hand, from the exhibition they give of the law as to the first day of the week and its observance, and of the course of legislation in regard to it, inasmuch as it is thereby shown that this act was no innovation, but that the law-making power had often dealt with the subject, aiming by minute prohibitions of particular acts to preserve the public peace and good order on that day. Among the particular acts prohibited by previous legislation are those which were interdicted by defendants, under the authority of the statute under consideration; (see also, 3 Burr., 1595.)

It is contended that though the general subject of the act is to preserve the public peace and good order, yet as this is sought to be effected by the particular method of prohibiting dramatic representations and the like, that the title of the act should have contained some phrase or phrases declaring that particular subject. We do not think that this was requisite. The legislature had the right to assume that the law was reasonably well settled, and sufficiently declared by competent judicial and legislative authority, that such representations on the first day of the week were a breach of the public peace and good order. The legislature was, therefore, right in conceiving that a title to a bill which expressed the purpose of legislating to preserve that peace and good order, gave notice that such representations might be affected by it; and that thus the constitutional requirement would be met. The citizen is presumed to know the law. It was the law that such representations might be treated by the

legislature as violations of the public peace and good order. He had notice then, by the title of this bill, that those representations might be included within the provisions of the act. It is not to be forgotten that the title does not point to legislation on the subject of the public peace and good order in general, that is, on any and every day, but only on the first day of the week, commonly called Sunday. So that the title is fitted to call particular attention to whatever is likely to disturb that peace and order on that day. The courts having held that dramatic representations and the like are, in legislative belief and action, calculated so to do, it seems that a reference in the title of a bill to that day, and to the preservation of the public peace and order thereon, does give warning that the particular subject of those representations may be touched upon in it.

The case of *Durkee* v. *Janesville* (26 Wis., 697), is cited and relied upon. The title of the bill in that case was: "An act to legalize and authorize the assessment of street improvements and assessments." The subject of it was to validate certain illegal assessments theretofore made in the city of Janesville. We think that the decision that the bill was unconstitutional and void was correct. The bill was local. The title did not express the subject. Not because it did not refer to the locality, but because it was prospective in its indication, while the subject of the act was retrospective. From the title, the notion would be got of an act to provide a mode of assessment of street improvements and assessments in the future. If the subject had been that, the title would have expressed it, and would have guarded the inhabitants of Janesville against unexpected and clandestine legislation.

The learned court in that case puts its decision on different grounds, which we are not disposed to apply to the case in hand.

Nor does the act infringe upon the right preserved by the constitution in art. 1, § 3. "The free exercise and enjoyment of religious profession and worship, without discrimination or preference * * * in this State to all mankind."

" The liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or to justify practices inconsistent with the peace or safety of this State."

Here, again, it is enough to refer to the decision and opinion in *Lindenmuller* v. *The People*, (*supra*), which having never been appealed from or in other manner questioned, will be held as declaring the law of this State. It is there held, with great force of argument, that the Christian Sunday may be protected from desecration by such laws as the Legislature in its wisdom may deem necessary; and that it is the sole judge of the acts proper to be prohibited, with a view to the public peace. The subject is exhausted in the *Lindenmuller case* (*supra*), and the true ground of judgment there occupied, and all the arguments upon this branch of the case in the present state of civil society in this country, are there advanced and elaborated. It is needless to repeat them.

We conclude that the judgment appealed from should be affirmed.

CHURCH, Ch. J.—(dissenting.) This case presents a new question, not decided, that I am aware of in this State, under the 16th section of the 3d article of the constitution, which provides that " no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." The act under which the defendants acted in prohibiting the opening of theatres in the city of New York is entitled " An act to preserve the public peace and order on the first day of the week, commonly called Sunday." The provisions of the bill relate to the city of New York only, and not to any other part of the State. The bill or act is therefore local. Is its subject properly expressed in the title ? It is clear that the provisions for closing theatres is within the general scope of the subject-matter indicated in the title as one of the means of preserving the peace on Sunday. In this respect the title is sufficient within all the authorities. (*The People* v. *Briggs*, 50 N. Y.,

553, and cases cited.) But there is no indication in the title that the provisions of the bill are confined to a single locality, or that it is a local bill. The expression of the title is that it is a general bill applicable to the whole state. Its meaning is as expressive of its general application as if the words were added, "throughout the state." The subject of the bill is for the preservation of peace on Sunday in the city of New York. I cannot resist the conviction that this subject is not expressed in the title within the meaning of the constitution. The locality is a part of the subject. To preserve the peace on Sunday in New York is or may be an entirely different subject as it respects proper legislative treatment from the preservation of peace on Sunday throughout the state. The means provided for would embrace a far more extensive range of authority, and require the adoption of more rigorous and arbitrary measures, and the execution of its provisions would necessarily be confided to a different class of officers, and perhaps a class not existing in other parts of the state. The danger of Sunday desecration being far more imminent and the threatened evil more extensive, the means to be adopted are so unlike those necessary for other parts of the state as to render the subject an entirely different one within constitutional and legislative contemplation. Strongly corroborative of the invalidity of the act is the fact that the title of this bill in view of its provisions is within the very evil which the clause in question was designed to remedy and guard against, viz: to prevent provisions from being incorporated into local bills not indicated in the title, or in other words, to prohibit the passage of local bills or provisions under deceptive titles.

The argument for the respondents is that as the title embraces the whole state, it includes New York, and therefore that the title is not deceptive. This argument would annihilate the constitutional provision in its practical application. No one would suspect on reading the title to this bill that its provisions were confined to the city of New York only. Although New York is within the State, and therefore is

embraced in the title, yet it is too plain for argument that the title is deceptive, and calculated to mislead. It does not indicate the real purpose of the bill—on the contrary it expresses an entirely different purpose. The citizens of New York city might well feel indifferent to the passage of a general bill applicable to the whole State on almost any subject of police regulation, when if the title indicated its real purpose they would take an interest in favoring or opposing it. They might not object to be governed by any general law applicable to the people of the whole State, while they might protest against being selected out for the operation of local provisions. The title would not inform them that the legislation was to be exceptional in respect to them. It was therefore misleading. The real subject was not expressed. The constitution was designed to prevent this kind of deception. The practice had grown to be an evil of inserting local provisions under general titles to such an extent as to induce the people to incorporate the remedy in the fundamental law. A title defined as "an act to secure the registry of the legal voters of the State" with provisions applicable only to a single city or county, or a title "to regulate the granting of licenses for the sale of spirituous liquors," whether the words "throughout the State" were added or ommitted, with a like restrictive application would be so repulsive as to shock the public sense, and yet neither of these would be more repugnant to the constitution than the bill under consideration.

If this bill can be sustained, a registry act, a license act or an act in any matter of public concern might be fastened upon a locality under the delusion expressed in the title that it was a general bill. The most obnoxious mischief sought to be remedied might be practiced with impunity. A practice so pernicious would necessarily lead to enormous abuses, and without reference to the merits of this particular act, such a departure from the constitutional mandate should not receive judicial sanction. The case of *Durkee* v. *Janesville* (26 Wis. R., 697), which is the only case to which we

have been referred upon this precise point, is a direct authority in favor of these views. The constitutional provision in that state is similar to that in the constitution of this State. The Legislature passed an act with this title : " An act to legalize and authorize the assessment of street improvements and assessments."

The sole purpose and object of the bill, as expressed in its provisions, was to legalize certain proceedings of the common council of the city of Janesville in respect to street assessments. The Supreme Court of Wisconsin held that the title was deceptive and the act unconstitutional, on the ground that the real subject was not expressed. The learned judge below sees a distinction which I am unable to discover between that case and this. The purpose of the bill was within the general subject matter expressed, and Janesville is within the State of Wisconsin, and therefore embraced in the title. Every argument against that bill condemns this. Both are alike deceptive in their titles, and both are within the mischief contemplated by the constitution.

I think that case was rightly decided, and I think, also, that, upon principle and reason, this act must be condemned.

These views do not involve any criticism upon the provisions of the bill. They may be wise and just, but, in my judgment, the act is a palpable violation of the provisions of the constitution referred to, and hence I must vote for the reversal of the judgment.

All concur for affirmance, except CHURCH, Ch. J., dissenting; ANDREWS, J., absent.

Judgment affirmed.