## Supreme Court—General Term—Second Department.

### August, 1892.

## PEOPLE v. MOSES.

### FISHING ON SUNDAY—PENAL CODE, §§ 259–265.

Fishing on Sunday on private grounds, even though the fisher had the privilege from the owner thereof of so doing, is a misdemeanor, and this is so although the fisher did not create any commotion or disorder, and his acts did not attract the attention of, nor were they witnessed by, any person other than complainant, and did not disturb the peace.

Appeal by defendant, Robert H. Moses, from an order of the court of sessions of Orange county, affirming a judgment entered by a justice of the peace convicting defendant of the offense of Sabbath-breaking.

Upon the trial of defendant there was but a single witness, one Rumsey, who testified that he saw Mr. Moses fishing on Sunday; saw him cast his line on a lake or pond nearly a mile in length and between half and three-quarters wide; the boat was not nearer than one hundred and fifty feet from witness's side of the lake.

It was not alleged or shown that any one else saw the fishing; Rumsey says his boy stood on the shore, but not that he saw any fishing.

No assembly of persons, no noise and disturbance of the repose of the community, is alleged or shown. It is shown that the lake is not bordered by any road. It is not disputed that it is private property, and that the defendant had a right to be there.

*Matthew Daly*, for defendant, appellant.

*Michael H. Hirschberg*, district attorney, for the people.

From the judgment of conviction defendant appealed to the court of sessions of Orange county, wherein the judgment was affirmed and the following opinion written :

BEATTIE, Co.J.—The defendant was convicted of the offense of Sabbath-breaking, having fished in a lake or pond within the town of Warwick on the first day of the week. It is claimed by the defendant that, as no evidence was given that his acts were a serious interruption of the repose and religious liberty of the community (*Penal Code*, § 259), the conviction must be reversed.

The case of the People *v.* Dennin (35 *Hun*, 327) is cited as conclusive authority upon the question, but the facts upon which that decision was made were essentially different from the facts of this case. I do not think that decision controls the disposition of this conviction. The statutory provisions is, the first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified which are serious interruptions of the repose and religious liberty of the community (*Penal Code*, § 259). The necessary construction of the provision is that the specified acts as they occur are serious interruptions, etc. The question is not left to the individual judgment of courts, witnesses or jurors, but by force of the statute the specified acts are declared to be unlawful. The statute then provides that the following acts are those forbidden to be done on the first day of the week, except in a work of necessity and charity ; " servile labor, public sports and shows, trades and manufactures or mechanical employments, public traffic, serving process." The statute further provides

that "all shooting, hunting, fishing, playing, horse-racing, gaming, or other public sports, exercises or pastimes upon the Sabbath are prohibited" (§ 265).

Fishing is therefore declared by the law to be a public sport and within the prohibition of sections 259 and 262. If the courts required proof that any of the specified acts are serious interruptions of the repose and religious liberty of the community, such proof must be necessary as to all the acts forbidden by the statute; labor, manufacturing, mechanical employments and public traffic might all be quietly carried on and without any interruption of the repose of the community. If carried on to any extent without violation of the law, at what point could the prohibited acts be declared to be a violation of the statute? Some communities do not enjoy nor wish to enjoy repose or religious liberty. Would the prohibited acts be valid in such neighborhoods and unlawful in communities devoted to religious observances?

The defendant in the case cited by the appellant was convicted of playing ball on the Sabbath. The act was not one declared by the statute to be public, and as the proof showed that the ball-playing was upon private premises the conviction could not be sustained.

In this case the act done being declared to be a public sport, the question of the place where it was done must be immaterial. Horse-racing, manufacturing and public traffic are usually carried on upon private premises, and if that fact was sufficient defense, the object of the statute would be wholly defeated.

The legislature has declared that the Sabbath by general consent has been set apart for rest and religious uses, and has undertaken to decide that certain secular pursuits are unlawful upon that day. If the courts are to decide that the rest and religious uses of the Sabbath are not interrupted by horse-racing, gaming, fishing, labor, manufacturing, public traffic, etc., if quietly done,

it must be under a statute less explicit and unambiguous than the statute in question.

The judgment and conviction must be affirmed.

From this order of the court of sessions defendant appealed to the general term of the supreme court, in the second department, where the following opinion was written :

CULLEN, J.—The defendant was convicted before a justice of the peace in Orange county of a misdemeanor in fishing on Sunday, and fined five dollars. This appeal is from the judgment of the court of sessions affirming such conviction.

But one question is presented to us on this appeal. That the defendant was fishing on Sunday was conceded ; that the lake where he fished was private property and that he had the privilege of fishing in it was also conceded. It is not shown that he created any commotion or disorder, or that his acts attracted or were witnessed by any person other than the complainant, or disturbed the peace. On these facts the defendant contends that he was guilty of no offense; that, under the authority of the People *v.* Dennin (35 *Hun*, 327), to constitute the crime the act must disturb the repose of the community. We think not. Section 265, Penal Code, prohibits " all shooting, hunting, fishing, playing, horse-racing, gaming, or other public sports, exercises, pastimes or shows."

It will thus be seen that while only public sports, exercises and pastimes are forbidden, all shooting, hunting and fishing, etc., are inhibited. The decision in People *v.* Dennin proceeds on this distinction. In fact it might be very difficult to draw any distinction between a " public " fishing or hunting and " private " fishing or hunting. The validity of such legislation cannot be questioned in this state (Neundorff *v.* Duryea, 69 *N. Y.* 557 ; Lindmuller *v.* People, 33 *Barb.* 548).

The question of how far these restrictions should be carried is for the legislature, not for the courts.

Judgment and conviction appealed from affirmed.

BARNARD, P.J., and DYKMAN, J., concur.