## Court of Appeals.

### November 28, 1893.

### PEOPLE v. ROBERT H. MOSES.

(55 St. Rep. 403; 140 N. Y. 214.)

Sunday—Fishing.
> Fishing on Sunday is absolutely prohibited by section 265 of the
> Penal Code everywhere and under all circumstances.

Appeal from judgment of the supreme court, general term, second department, affirming judgment of the Orange county court of sessions affirming conviction of defendant of a misdemeanor in fishing on Sunday.

Matthew Daly, for appellant.

M. H. Hirschberg, for respondents.

EARL, J.—The defendant was convicted in a court held by a justice of the peace in the county of Orange, of the crime of Sabbath breaking. The conviction was affirmed upon appeal to the court of general sessions of that county, and upon appeal to the general term of the supreme court. He has now appealed to this court, claiming upon the undisputed facts that he was not guilty of the crime charged.

The act claimed to be a violation of the Sunday laws was fishing from a boat upon Clark's pond, in the county of Orange, on Sunday. The pond is a body of water about a mile in length, and over half a mile wide. It does not distinctly appear in the evidence whether the pond is public or private property, but it may be assumed here, as it was in the court below, that it belonged to a club of which the defendant was a member. The pond was not a secluded body of water, as there are public highways and occupied residences in its vicinity, and the act of the defendant was committed within the observation of a number of people. He claims he was not guilty of the offense charged because the pond was private property, and his acts were not,

therefore, public, and did not constitute "serious interruption of the repose and religious liberty of the community."

The Christian Sabbath is one of the civil institutions of the state, and that the legislature for the purpose of promoting the moral and physical well-being of the people, and the peace, quiet and good order of society, has authority to regulate its observance, and prevent its desecration by any appropriate legislation is unquestioned. Lindenmuller v. People, 33 Barb. 548; Neuendorff v. Duryea, 69 N. Y. 557.

We have, therefore, only to construe the statutes and ascertain whether they prohibit the act complained of. Section 259 of the Penal Code provides that "the first day of the week, being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community." It is not the meaning of this section that every act which is claimed to be a violation thereof must, in fact, be a serious interruption of the repose and religious liberty of the community; but the legislature in subsequent sections specified certain acts which are declared to be serious interruptions of the repose and religious liberty of the community, acts necessarily described in general and comprehensive terms, which the law makers believed had a general tendency to interfere with Sunday as a day of rest and religious worship. Section 263 prohibits all labor on Sunday, except works of necessity or charity, and it matters not whether the prohibited labor be public or private; wherever it is performed it is prohibited. In section 265 particular acts are specified which are prohibited, as follows: "All shooting, hunting, fishing, playing, horse racing, gaming or other public sport, exercises or shows upon the first day of the week, and all noise disturbing the peace of the day, are prohibited." In sections 266, 267 and 268 other acts are specially prohibited. It is thus seen that among the acts specially prohibited on Sunday is fishing. That is absolutely prohibited on Sunday everywhere and under all circumstances. It may be done in a community where it does not offend the sensibilities of anyone; it may be done in such a manner as not to disturb the peace or interrupt the repose or religious liberty of the com-

munity, and yet the law is violated. It is quite unreasonable to suppose that the legislature meant that whenever any of these acts are charged as a violation of the law an issue can be framed and tried as to their public, offensive or disturbing character. The legislature has settled that matter by prohibiting them absolutely.

In reaching this conclusion we are not embarrassed by the decision in the case of People v. Dennin, 35 Hun, 327, because we do not think that case was correctly decided. There, the defendant and two other persons played ball on Sunday, in private grounds, with the consent of the owner thereof, creating no disturbance and making no noise, and it was there held that to constitute a violation of section 265 of the Penal Code the playing prohibited must seriously interrupt the repose of the community on Sunday. That playing ball by several persons in a place open to the view of the people who may be in the vicinity, or who may pass by, is condemned by the principles which lie at the bottom of the Sunday laws, and is an act of playing within the meaning of the statute, cannot be doubted.

We think the judgment should be affirmed.

All concur, except FINCH, PECKHAM and GRAY, JJ., dissenting.