(13 Misc. Rep. 587.)

### PEOPLE ex rel. HOBACH v. BUTTLING.

(Supreme Court, Special Term, Kings County. July 10, 1895.)

1. CONSTITUTIONAL LAW—CLASS LEGISLATION.
   Laws 1895, c. 823, making it a misdemeanor to engage in the work of a barber on Sunday, except in the city of New York and the village of Saratoga Springs, does not violate Const. U. S. Amend. 14, forbidding any

state to abridge the privileges of any person therein, or to deny to any person the equal protection of the laws.

2. SAME—CITY LAW.
   Laws 1895, c. 823, forbidding any one to engage in the work of a barber on Sunday, except in the city of New York and the village of Saratoga Springs, is not a city law, and therefore does not violate the provision of the constitution of New York that a general city law can relate only to all the cities of one or more classes.

3. SAME—LOCAL LAWS.
   The provision of such statute excepting the city of New York and the village of Saratoga Springs does not make it a local act.

4. SAME—DISCRIMINATING STATUTE.
   Such statute is not objectionable on the ground that it permits a barber in New York and Saratoga Springs to engage in his business on Sunday, but denies such privileges to barbers in other parts of the state.

Application by Samuel Hobach for a writ of habeas corpus to William J. Buttling, sheriff of the county of Kings. Writ dismissed.

Alfred Steckler, for relator.
Asst. Dist. Atty. Callaghan, for the People.

BROWN, P. J. The relator was arrested upon the charge of carrying on the business of a barber in the city of Brooklyn on Sunday, June 9th last, which act, by chapter 823 of the Laws of 1895, is declared to be a misdemeanor. Having been committed for trial by one of the police justices of the city, he has been brought before me upon a writ of habeas corpus, and asks for his discharge upon the ground that the statute referred to is unconstitutional. The statute makes it a misdemeanor to carry on or engage in the work of a barber on the first day of the week, except that in the city of New York and the village of Saratoga Springs such work may be performed until 1 o'clock in the afternoon of such day. The power of the legislature to prohibit all work on Sunday is not disputed. So far, therefore, as it forbids all persons engaging in the work of a barber after 1 o'clock in the afternoon of Sunday, the law is valid. The argument that it is invalid rests upon the clause permitting the work of a barber to be performed in New York and Saratoga on Sunday morning. This is said to be class legislation, and in conflict with the fourteenth amendment to the constitution of the United States, in that it abridges the privileges of barbers in the state outside of New York and Saratoga, and denies to them the equal protection of the laws. It will be observed that, so far as the statute permits the business of a barber to be carried on on Sunday, it does so within certain defined localities, and within such localities all barbers are treated alike. Such a statute does not fall within the prohibition of the fourteenth amendment. If all persons within the territory to which the law is applicable are treated alike, the statute is constitutional. In Hayes v. Missouri, 120 U. S. 68, 7 Sup. Ct. 350, the supreme court of the United States said:

"The fourteenth amendment * * * does not prohibit legislation which is limited either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed."

And in Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, it said:

"Class legislation discriminating against some and favoring others is prohibited, but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects all persons similarly situated, is not within the amendment."

All barbers within the sphere of the operation of the statute under consideration are treated alike. None can work at their business on Sunday outside of New York and Saratoga. All may work in these two localities until 1 p. m. The statute does not, therefore, violate the federal constitution.

It is also the claim of the relator that this statute violates section 2 of article 12 of the constitution of this state. I quote from the counsel's brief as follows:

"The legislature had no constitutional right to enact in one law a law affecting generally certain portions of the state and a special law covering the remaining portions of the state. In other words, the legislature can only pass an act which is general in its nature, applicable to the entire state, or a special law applicable to a particular portion of the state. The blending together of a special exemption in favor of New York and the village of Saratoga Springs, and the general restrictions applicable to all other sections of the state, could not be constitutionally enacted in one law. This law violates the provision that a general city law can only relate to all the cities of one or more classes, because it does not apply to all the cities of one or more classes, as in the state of New York there are other cities besides the city of New York of the first class, to wit, Brooklyn and Buffalo. * * * Either the law must be a general city law or applicable equally to all the cities of one or more classes, or a special city law, affecting only a single city, or less than all the cities of a class."

I am unable to perceive the force of this argument. Its fallacy lies in assuming that the statute is a city law. The learned counsel proceeds to show that it is not a general city law, because it does not relate to all the cities of one or more classes; and that it is not a special city law, because it does not relate to a single city, or to less than all the cities of a class. In this he is undoubtedly correct. But it would have been easier to say that it was not a city law at all, because it does not relate to "the property affairs or government of cities or any department thereof." The legislature, in passing laws that affect cities, are not confined to the enactment of city laws. It is only when a bill relates to the property affairs or government of cities, or some department thereof, that it falls within the classification of section 2 of article 12 of the constitution; and the application of that section to city laws is that bills for special city laws, after having passed both houses of the legislature, must be transmitted to the cities to which they apply, to be considered by the mayor or mayor and legislative body thereof. This provision relates to procedure only. It is not a restriction on the power of the legislature.

The law under consideration appears to have been treated by the legislature as a special city law, as it bears the indorsement, "Accepted by the City." But clearly it was not a city law, and transmitting it to the cities was a useless formality. The law is a general one. It is applicable to the whole state, except New York and Saratoga. The exception of these two localities did not make it a local act. Peo-

ple v. Plank Road Co., 86 N. Y. 1. Upon its face it is not in conflict with any provision of the state constitution. It is, however, argued that it is void because it discriminates in favor of certain localities, in that it permits a barber in New York and Saratoga to engage in his business on Sunday, and denies this privilege to barbers in other parts of the state. The legislature possesses the whole legislative power of the people, except as it is limited by the constitution, and its authority is absolute and unlimited, unless restrained by the express restrictions of the constitution. There is no provision of the constitution which forbids the legislature from enacting laws that are applicable to only a part of the state. On the contrary, the constitution recognizes the power of the legislature to pass local bills, and our volumes of law are filled with statutes which apply only to portions of the state. In this respect there is no restriction upon the power of the legislature to make criminal an act done in one locality which is not criminal if done elsewhere; and especially is this true of the class of laws which fall within the police power. Game laws, health laws, and local option laws are illustrative of this class. The law under consideration falls within the class known as "Sunday Laws"; and since the case of Lindenmuller v. People, 33 Barb. 548, the power of the legislature to enact laws with the object of promoting the good order of society upon Sunday and prohibiting the disturbance of the public peace on that day has not been questioned. Neuendorff v. Duryea, 69 N. Y. 557.

In the Lindenmuller Case, it was said that:

"The legislature has the right to prohibit acts injurious to the public and subversive of the government, or which tend to the destruction of the morals of the people and disturb the peace and good order of society. It is exclusively for the legislature to determine what acts are injurious to the community."

And, it may be added, the courts cannot review the legislature's discretion.

In People v. Moses, 140 N. Y. 214, 35 N. E. 499, it was said:

"The Christian Sabbath is one of the civil institutions of the state, and that the legislature, for the purpose of promoting the moral and physical well-being of the people and the peace, quiet, and good order of society, has authority to regulate its observance and prevent its desecration by any appropriate legislation is unquestioned."

That the legislature could prohibit all work on Sunday is conceded, and this concession disposes of the case, as there is no constitutional restriction upon its power to enact a law applicable only to a part of the state.

I have examined carefully the cases cited from other state reports by the counsel for the relator. Some of them relate to local municipal ordinances; others relate to general restrictions upon the pursuit of business or profession; still others involve construction of local constitutional provisions. None of them is applicable to the case before me, and needs no further consideration.

The Case of Bayard, 61 How. Prac. 294, if a sound exposition of the law, does not conflict with the view I have expressed. I do not, however, agree with its reasoning, or the result arrived at. The case

of People v. Dennin, 35 Hun, 327, was expressly disapproved by the court of appeals in People v. Moses, supra. My conclusion is that the statute is a valid exercise of legislative power. The writ must be dismissed, and the relator remanded to the custody of the sheriff.