## Supreme Court—Appellate Division—First Department.

February 7, 1896.

### PEOPLE v. HENRY J. HAVNOR.

(72 S. R. 584.)

1. Sunday—Constitutional law.
   Provisions of section 1, chapter 823 of 1895, are within the police powers of the legislature and not unconstitutional.

2. Same.
   It is for the legislature to say what business it is necessary to prevent for the proper regulation or observance of the Sabbath; and, so long as the regulations have relation to that particular object, the discretion of the legislature cannot be controlled by the court.

3. Same—Discrimination.
   The legislature has power to say what acts, in the different localities of the state, it is necessary to prohibit to accomplish this purpose.

Appeal from a judgment, convicting defendant of carrying on the business of a barber on Sunday.

A. I. Sire, for appellant.

John R. Fellows, for respondent.

INGRAHAM, J.—The appellant was convicted for a violation of section 1 of chapter 823 of the Laws of 1895, and he appeals, on the ground that the act is unconstitutional as a violation of the provision of the constitution that "no person shall be deprived of life, liberty or property without due process of law."

The act in question prohibits any person from carrying on or engaging in the business of shaving, hair cutting, or other work performed by a barber on the first day of the week, and provides a punishment for such offense. It is claimed that the law falls within the principle established by In re Jacobs, 98 N. Y. 107; People v. Marx, 99 id. 377; and People v. Gillson, 109 id. 389; 16 St. Rep. 185. In the case last cited the principle, as stated, is:

"A. person living under our constitution has the right to adopt and follow such lawful industrial pursuit, not injurious to the community, as he may see fit. * * * Liberty, in its broad sense as understood in this country, means the right, not only of freedom from servitude, imprisonment, or restraint, but the right of one to use his faculties in all lawful ways, to live and work when he will, to earn his livelihood in any lawful calling, and to pursue any lawful trade or avocation."

And in the case of People v. Marx, supra, the court say:

"Under an exercise of the police power, the enactment must have reference to the comfort, or the welfare of society and must not be in conflict with the constitution. The law will not allow the rights of property to be invaded under the guise of a police regulation for the protection of health, when it is manifest such is not the object and purpose of the regulation."

And while it is generally for the legislature to determine what laws and regulations are needed to protect the public health and serve the public comfort and safety, if its measures are calculated, intended, convenient, or appropriate to accomplish such ends, the exercise of its discretion is not the subject of judicial review. But those measures must have some relation to these ends. Courts must be able to see, upon a perusal of the enactment, that there is some fair, just, and reasonable connection between it and the ends above mentioned. Unless such relation exists, the enactment cannot be upheld as an exercise of the police power. The question is whether the prohibition of a particular trade upon Sunday is a violation of the principle thus established. There is nothing in this act which attempts to provide that the appellant shall not carry on his particular trade or calling in any manner or at any place that he

pleases. He is simply prohibited from carrying on that trade upon Sunday. An examination of the legislation of most, if not all, of the states, will show that that subject was regulated by statute prior to the adoption of the federal constitution and of the constitution of this state, and that prohibition of work upon Sunday, more or less severe, was in force in all the states at that time; and the right of the legislature to regulate the observance of the Sabbath has been recognized without exception by this and some of the states since the formation of our government. Thus, in the case of People v. Moses, 140 N. Y. 215; 55 St. Rep. 403, the court says:

"The Christian Sabbath is one of the civil institutions of the state; and that the legislature, for the purpose of promoting the moral and physical well-being of the people, and the peace, quiet, and good order of society, has authority to regulate its observance and prevent its desecration by any appropriate legislation, is unquestioned."

The legislature thus having the authority to regulate the observance of the Sabbath, we cannot review its discretion, or determine upon the expediency, wisdom, or propriety of legislative action in matters within the power of the legislature. See People v. Albertson, 55 N. Y. 54. In the case of Lindenmuller v. People, 33 Barb. 554, a case that has been cited with approval in many cases, it was expressly held that the legislature has the power to determine what acts it is necessary to prohibit on Sunday for the purpose of promoting the moral and physical well-being of the people and for the purpose of preventing the desecration of the Sabbath, that it was a matter within the legislature's discretion and power, and that the courts could not review their discretion and sit in judgment upon the expediency of their acts. It is for the legislature to say what business it is necessary to prevent for the proper regulation or observance of the Sabbath; and so long as the regulations described have relation to that particular object, the discretion of the legislature cannot be controlled by the court. This is in accord with the case of People v. Sheriff of Kings Co., 13 Misc. Rep. 587; 69 St. Rep. 215.

Objection is also made to this act on the ground that it is

class legislation, granting a privilege to persons transacting business in New York and Saratoga which is not allowed outside of those localities. We do not think that the act can be questioned upon this ground. If the legislature has power to regulate the observance and prevent the desecration of the Sabbath, it has power to say what acts, in the different localities of the state, it is necessary to prohibit to accomplish this purpose. It is quite conceivable that an act in one locality, thickly settled, should be prohibited, which in sparsely-settled districts of the state could be allowed; and for this reason an act might be objectionable in one district which will not in another. All of these regulations have in view the proper observance of the day, and are within the discretion of the legislature. In re Bayard, 25 Hun, 546.

We have been referred to the case of People v. Eden, decided by the circuit court of Cook county, Ill., in which it appears to have been held that the legislature cannot single out any one calling, and make it the subject of special legislation. We cannot assent to the views there expressed, so far as they relate to laws passed regulating the observance of Sunday. In the case of Lindenmuller v. People, supra, a prohibition of theatrical performances on Sunday was expressly upheld; and the prohibition of the sale of liquor on Sunday has been always recognized as the proper exercise of the power of the legislature. It is for the legislature to say what trades or callings can be carried on with due regard for the observance of the Sabbath.

We think, therefore, that the act was clearly within the power of the legislature, and that the conviction must be affirmed.

All concur.

## NOTE ON "EXERCISE OF POLICE POWER BY LEGISLATURE."

Exercise of police power by legislature is not in conflict with Constitution. People v. Havnor, 149 N. Y. 195; Health Dept. v. Rector, etc., 145 id. 32; People ex rel. Nechamcus v. Warden, etc., 144 id. 529; People v. Ewer, 141 id. 129; People ex rel. Kemp v. D'Oench, 111 id. 359; Matter of Ryers, 72 id. 1, 7; Matter of Deansville Cem. Ass'n, 66 id. 569; Metropolitan Board of Health v. Heister, 37 id. 661, 669; Prentice v. Weston, 111 id. 460; Phelps v. Racey, 60 id. 10.

Act must appear to have reasonable connection with welfare of pub-

lic. Id.;. People v. Gillson, 109 N. Y. 389; Matter of Jacobs, 98 id. 98, 105; People v. Ewer, 141 id. 129.

Legislature cannot, under the guise of protecting health or morals, deprive the citizen of the right to pursue a lawful occupation. People v. Ewer, 141 N. Y. 129; Matter of Jacobs, 98 id. 98; People v. Marx, 99 id. 977; People v. Gillson, 109 id. 389; 16 S. R. 185; People v. Rosenberg, 138 N. Y. 410; 53 S. R. 1.

The legislature has authority to regulate the observance of the Christian Sabbath, and, by appropriate legislation, prevent its desecration. People v. Moses, 140 N. Y. 214; 55 S. R. 403; aff'g 47 id. 181; People v. Havnor, 149 N. Y. 195; aff'g 1 App. Div. 459; 72 S. R. 584; Lindenmuller v. People, 33 Barb. 548; Neuendorff v. Duryea, 69 N. Y. 557.

Chapter 823 of 1895, is a valid exercise of the police power by the legislature, works no deprivation of liberty or property within the meaning of the Constitution, and does not violate the fourteenth amendment of the Federal Constitution by denying the protection of the laws. People v. Havnor, 149 N. Y. 195; aff'g 1 App. Div. 459; 72 S. R. 584.