THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v*. ARTHUR H. STIEGLER, Appellant.

County Court, Rensselaer County, September 17, 1936.

*Tate & Marsicano*, for the appellant.

*Charles J. Ranney, District Attorney*, for the respondent.

BREARTON, J. The appellant was convicted in Police Court of the City of Troy of a violation of an ordinance of the city of Troy entitled " an ordinance relating to the licensing and regulating of barbers in the City of Troy, N. Y., and providing penalties for a violation thereof," duly adopted by the common council on the 2d day of March, 1933. The defendant admitted upon arraignment that he engaged in the practice of barbering without having secured the license required and was fined five dollars.

It is claimed on this appeal that the conviction was illegal on the grounds that the ordinance violated article 1, sections 1 and 6, of the State Constitution and also the Fourteenth Amendment of the United States Constitution.

Said section 1 of article 1 provides that no person shall be " deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers."

The Fourteenth Amendment, so far as material, provides that " no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: * * * nor deny to any person within its jurisdiction, the equal protection of the laws." So far as material the Fourteenth Amendment is covered by section 6 of article 1 of the State Constitution.

The ordinance clearly applies to all following the trade of barbering in the city as defined in section 2 thereof and is not directed merely against some of the trade or against persons who are performing certain parts of the trade.

The barber shop is an old institution in American life and may be found in almost every city and hamlet, and the barber performs the same function in them all with a few concessions here and there to the fastidious person who must have pink lotions patted into his pale skin and to the nature lover who wishes to be mugged in mud occasionally. Indeed, the barber has come to be recognized as a artisan, indispensable and respected as the time-honored butcher and baker and candlestick maker. So that it is not discriminatory to exclude from the provisions of the ordinance, as contended by the appellant, the hairdresser and the beauty parlor operator.

Why should not the barber be licensed? The public is vitally interested in having him meet the reasonable requirements of section 7. For instance, the practitioner " must be free from communicable disease." " Shall not be guilty of gross malpractice or gross incompetence." " Shall obey all rules and regulations of the Public Health Law and Sanitary Code of the State of New York relating to barber shops and ordinance of the common council of the city of Troy relating to the practice of barbering."

Provision is made for issuance of a license, after examination, under section 4 and, without examination, under section 5, to those already in business. Under both sections the applicant must satisfy the board of his good moral character and produce a certificate of a physician that he has no communicable disease. The provision setting up a board of examiners for the purpose of passing upon the qualifications of applicants for license and under whose guidance the trade is regulated, is reasonable and not arbitrary.

A review of the ordinance discloses that the ordinance is based upon a wise as well as a lawful purpose — to protect and promote public health, and it presents a well-thought-out plan to carry out the reasonable regulations laid down.

Every critic of a new law may point out some provision that might be improved upon in both subject-matter and method of enforcement. But the mere fact that the law is not perfect, or that it might be inconvenient to some or distasteful to others is not the test of its legality.

True, it is well recognized that the exercise by the State of its police power must have relation to the promotion of the health, comfort, safety and welfare of society, and when a regulation does not fairly relate to some one of such objects it is not within the police power, and common business callings and trades which are innocent in themselves and have been followed in all communities from time immemorial must be free to all alike on the same terms. (*People* v. *Ringe*, 125 App. Div. 592; *People* v. *Perretta*, 228 id. 420.)

But this does not mean that certain businesses that have a direct relation to public health cannot be regulated by proper legislative enactment even if there is an apparent restriction of the individual in carrying on his business. On the contrary, the Court of Appeals has held in the case of *People* v. *Beakes Dairy Co.* (222 N. Y. 416, 429) " There is no constitutional prohibition against class legislation as such if the classification is based on some reasonable ground, and is not essentially arbitrary. The statutes are replete with instances where the Legislature has selected a class of persons for regulation. (*People* v. *Klinck Packing Co.*, 214 N. Y. 121, 137.) It is only where there is no real distinction on a substantial basis that it can be said that the equal protection of the laws is denied."

Because it might have been applied to hairdressers and beauty culturists is not enough to make it unconstitutional as applied to the barbers at whom it was directed. " If the law presumably hits the evil where it is most felt, it is not to be overthrown because there are other instances to which it might have been applied." (*People ex rel. Bryant* v. *Sheriff, etc.*, 123 Misc. 859, 863.)

The Court of Appeals upheld the statute which prohibited barbers from carrying on their trade on Sunday throughout the State excepting in the cities of New York and Saratoga Springs. (*People* v. *Havnor*, 149 N. Y. 195.)

In that case it was claimed that barbers in other cities were denied the equal protection of the law. In upholding the law the court said: " We think that this statute was intended and is adapted

to.promote the public health, and thereby to serve a public purpose of the utmost importance by promoting the observance of Sunday as a day of rest. It follows, therefore, that it does not go beyond the limits of legislative power by depriving any one of liberty or property within the meaning of the Constitution."

The same statute was upheld as a proper exercise of police power in the case of *People ex rel. Hobach* v. *Sheriff of Kings County* (13 Misc. 587).

The statute books are full of laws intended to protect life and health and to promote the general welfare, which would have been deemed unwarranted a decade or two ago, but courts have broadened their views in recognition of the everchanging demands of progress.

The public has come to recognize the importance of preventive medicine. We no longer confine ourselves to curing the lame and the halt. Children in our schools are taught as health measures, the value of cleanliness, fresh air and sunshine. The very basis of this ordinance is public health and the prevention of the spread of disease. This ordinance is in line with this trend. Why go back to the standard of the discredited barber who would use the same old towel on the face of every customer from Monday morning until Saturday midnight. This is a good ordinance and should be upheld and enforced.

Judgment of conviction and fine affirmed.