FRANK GUARINO, Plaintiff, v. CITY OF NIAGARA FALLS et al., Defendants.

Supreme Court, Niagara County, November 3, 1944.

*Ralph A. Boniello* and *Clarence W. Greenwald* for defendants.

*Charles J. Palmero* for plaintiff.

GOLD, J. This is an action commenced for the purpose of having this court determine as illegal, unconstitutional, invalid and void, section 12 of the ordinance passed by the Council of the City of Niagara Falls, New York, on the 28th day of December, 1936, known as chapter XII and entitled "An ordinance relating to the licensing and regulation of barbers and barber shops in the City of Niagara Falls, New York", and that the defendant City of Niagara Falls, New York, and the defendants Wesley H. Clark, as City Manager, and Martin T. Considine, as Superintendent of Police of Niagara Falls, New York, and their successors, and all officers thereof, be enjoined, forbidden, and commanded to desist from enforcing in any manner whatsoever section 12 of said ordinance.

The plaintiff herein is a resident and taxpayer of the city of Niagara Falls, and for a considerable time has been and still is a barber duly licensed to practice barbering according to said ordinance, and is the owner and operator of a barber shop duly licensed according to said ordinance, which barber shop is located at No. 352 Third Street, in said city of Niagara Falls, New York.

The defendants herein claim that said ordinance is legal, constitutional and valid.

A motion has been made herein by the defendants for an order granting judgment dismissing the complaint, pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, on the ground that the complaint herein does not state facts sufficient to constitute a cause of action. The determination of this motion practically determines the action as the facts are not in dispute.

The Legislature of this State has enacted a law to regulate barbering on Sunday (L. 1895, ch. 823).

The Court of Appeals in this State has held the act is a valid exercise of the police power by the Legislature, works no deprivation of liberty or property within the meaning of the Constitution, and does not violate the Fourteenth Amendment to the Federal Constitution.

" In the exercise of this power the legislature has the right, generally, to determine what laws are needed to preserve the public health and protect the public safety ". (*People* v. *Havnor*, 149 N. Y. 195, 200.)

" The power of the legislature to pass what it may consider ' health laws ' is not unlimited, but is bounded by the duty of the courts to determine whether the act has a fair, just and reasonable relation to the general welfare." (*People* v. *Lochner*, 177 N. Y. 145, 168.)

" It is equally true that the validity of a statute or ordinance is not to be determined from its effect in a particular case, but upon its general purpose and its efficiency to effect that end. When a statute is obviously intended to provide for the safety of a community, and an ordinance under it is reasonable and in compliance with its purpose, both the statute and the ordinance are lawful, and must be sustained." (*City of Rochester* v. *West*, 164 N. Y. 510, 514.)

The Common Council of the City of Troy, New York, adopted an ordinance relating to the licensing and regulating of barbers. That ordinance was passed on the theory that it was intended to protect the life and health and to promote the general welfare of its people.

The said act was attacked as unconstitutional, but the court found otherwise. Among other things, the court held: " The public has come to recognize the importance of preventive medicine. We no longer confine ourselves to curing the lame and the halt. Children in our schools are taught as health measures, the value of cleanliness, fresh air and sunshine. The very basis of this ordinance is public health and the prevention of the spread of disease. This ordinance is in line with this trend. Why go back to the standard of the discredited barber who would use the same old towel on the face of every customer from Monday morning until Saturday midnight. This is a good ordinance and should be upheld and enforced." (*People* v. *Stiegler*, 160 Misc. 463, 466.)

The Common Council of the City has powers delegated to it by the State to determine what laws are needed to preserve the public health and protect the public safety.

It must be determined upon this motion whether or not the Common Council of the City of Niagara Falls so acted when it passed section 12 of the City ordinance of said city.

If the Common Council has no power to regulate, then barber shops in the city will have the right to remain open twenty-four hours each day, at least during a part of which time they would

not be subject to reasonable inspection by the City authorities with reference to cleanliness and observance of the sanitary laws governing the operation of barber shops. In other words, if it has no right to fix seven o'clock as the time to close, it has no right to fix a subsequent hour as closing time.

An ordinance licensing and regulating barbers is not discriminatory and is valid as an exercise of the police power.

I believe the Council followed the modern trend towards cleanliness and passed the ordinance in the interest of public health; that it acted within its constitutional rights and that the hours fixed are reasonable.

The motion to dismiss the complaint is hereby granted.

The parties having agreed in open court that the issues be determined in this motion, let judgment be entered herein accordingly.