(9 Misc. Rep. 189.)

CAPITAL CITY v. POLICE COM'RS OF VILLAGE OF GREENBUSH et al.

(Supreme Court, Special Term, Albany County. June 19, 1894.)

INJUNCTION—PENDENTE LITE—ARREST ON CRIMINAL CHARGE.

An injunction pendente lite restraining the police commissioners of a village from entering plaintiff's premises, and arresting plaintiff's employés for playing baseball on Sunday, will not be granted where the legality of playing baseball on Sunday is doubtful.

Action by the Capital City against the police commissioners of the village of Greenbush and Frank J. Lynch to enjoin defendants from entering on plaintiff's grounds without the consent of plaintiff. Defendants moved to vacate an injunction granted pendente lite. Granted.

Edward J. Meegan, for plaintiff.

J. C. Fursman, A. T. Bulkley, and A. C. Tennant, for defendants.

HERRICK, J. This is an application to vacate an injunction heretofore granted by me, restraining the defendants from entering upon the grounds of the plaintiff without the consent of the plaintiff, or arresting and taking into custody upon the grounds any member of the plaintiff or its employés, or others engaged in playing ball on said private grounds. The injunction was granted pending a motion at the special term for an injunction restraining the defendants until the termination of an action for a permanent injunction for the same purpose. The motion to vacate is made upon the same papers upon which the injunction was granted. The purpose of the injunction was to restrain the defendants from interfering with games of baseball on Sunday.

The general principle that injunctions should not be granted to restrain police officers from making arrests upon criminal charges is not disputed, but the doctrine laid down in a number of cases

that exceptions will be made to such general rule, in the discretion of the court, where such arrests will result in irreparable injury to business or property, is invoked by the plaintiff, and it asserts that this is one of those exceptional cases; that arrests have already been made, and that defendants threaten to repeat such arrests in the future, which the plaintiff asserts seriously interferes with, and will destroy, its business, in which it claims to have invested thousands of dollars. It asserts, too, that the business that it is carrying on upon Sunday, and for which the arrests have been made, and are threatened in the future, to wit, the playing of baseball, is not a violation of any statute of this state. In the complaint the plaintiff alleges that it is incorporated under the laws of this state to conduct and carry on the business of "general athletics;" that it has leased a piece of property for a term of years in the village of Greenbush, and has fitted the grounds "for general athletics and baseball-playing," and expended large sums of money; that its grounds are several hundred feet distant from any street, and are not discernible from the village streets,—and alleges that there are a great many people who desire to see baseball on Sunday, who can see it at no other time, and from their attendance, "besides a substantial revenue for admission to their grounds on Sunday, it operates as an advertisement for other days in the week." I do not think it is necessary, for the purpose of this motion, for me to determine whether baseball is or is not a criminal offense. That question, it appears, is now in process of determination in the proper court; and there is no occasion for me, in any wise, to interfere with the decision of those cases. It is not disputed but that baseball-playing may, under certain circumstances, be a violation of the so-called Sunday laws. The case which is largely relied upon to show that it is not an offense is that of People v. Dennin, 35 Hun, 327, which, in effect, held that the acts prohibited by the Penal Code are only criminal when they constitute "a serious interruption of the repose of the community on Sunday." The case of People v. Moses, 140 N. Y. 214, 35 N. E. 499, is perhaps not an authority for anything more than the precise case there passed upon, by reason of the peculiar division of the court in reaching a result in that case, although the reasoning of the principal opinion is one that rather commends itself to my judgment. But, for the purpose of this case, it will be assumed that the Moses Case is not an authority upon the question raised here, and that the principle of construction adopted in the Dennin Case is the proper one to adhere to. The case presented here is not one where a party, or his employés, are being subjected to repeated arrests and harassing prosecutions under an unconstitutional law or illegal ordinance, or upon trumped-up and malicious charges, but it is a case where, if we give the plaintiff the benefit of the most favorable construction of the statute, it must be admitted that that which it proposes doing may constitute a violation of the Code; for, assuming the construction given in the Dennin Case to be the correct one, it must be conceded that the game of baseball may be carried on so as to interrupt the repose of the community. And that question is one

that should not be determined upon affidavits, and it is obvious that it is one that ought not to be determined in advance.   As was said in Davis v. Society, 75 N. Y. 362, 369:

"If this action could be maintained in this case, then it would in every case of a person accused of a crime, where the same serious consequences would follow an arrest; and the trial of offenders, in the constitutional mode prescribed by law, could forever be prohibited.   A person threatened with arrest for keeping a bawdy house, or for violating the excise laws, or even for the crime of murder, upon the allegation of his innocence of the crime charged, and of the irreparable mischief which would follow his arrest, could always draw the question of his guilt or innocence from trial in the proper forum.   *   *   *   The administration of the criminal law would be greatly paralyzed, if no criminal be arrested until it could be infallibly ascertained that he was guilty of the offense charged."

Assuming it to be a crime, then I think that it must be apparent that the police should not be restrained from going where the crime is in process of perpetration, and causing its cessation.   To permit, by order of the court, that which is a violation of the law to go on, unchecked, to the disturbance of the repose of the community, and then, after they have completed their performance in violation of the law, and left the private grounds of the plaintiff, permitting their arrest for doing that which the court would not permit the police officers to prevent or stop, would be a spectacle well calculated to bring the process of the court into discredit and contempt.

The plaintiff asserts that it is organized for the purpose of carrying on a business, not an amusement or a pastime, but something that is to afford entertainment and amusement for others.   The people who are actually engaged in playing ball are hired by it for that purpose, and are not to play ball on Sunday for recreation or fun, but for business purposes, so that the plaintiff may receive remuneration from the admission fees of all those who desire to witness the game, and also have the benefit of such Sunday games as advertisements for the games and exercises conducted upon plaintiff's grounds upon other days of the week.   Of course, if it is a crime, it cannot be upheld in it simply because it has expended large amounts of money to perpetrate it, and is making a business of it, and deriving large revenues from it.   Assuming, as is contended, that it does not come within the strict letter of the Penal Code, yet it seems to me that it is a business that is against the public policy of the state.   The general policy of the state, as evidenced in its Sunday laws, and in particular by chapter 1 of title 10 of the Penal Code, is against all public shows, amusements, and entertainments, except religious services, being held on the Sabbath day. The business that the plaintiff purposes to carry on, and which it desires the process of the court to protect, is that of furnishing entertainment and amusement to the public by means of public games of baseball.   Without expressing any opinion of my own as to the morality or immorality of such games being conducted on the Sabbath day for profit, it is sufficient to say that it seems to me that the extraordinary remedy of injunction should not be used to protect a business, where there is a doubt as to whether it is a criminal

act, where it is of doubtful morality, or where such business is apparently contrary to the public policy of the state, but to leave the party desiring to conduct such a business to the ordinary process of the law. The motion to vacate the injunction is granted.