BRIGHTON ATHLETIC CLUB v. McADOO, Police Com'r, et al. SKELLY BASEBALL CLUB v. SAME. LOUGHLIN LYCEUM v. SAME.

FELIX & BARRY ATHLETIC CLUB v. SAME.

(Supreme Court, Special Term, Kings County. June 24, 1905.)

1. PRELIMINARY INJUNCTIONS—RIGHT.
   A preliminary injunction will not be granted unless plaintiff's right thereto is clear, especially where the effect of the injunction would be to give plaintiff all the remedy to which he would be entitled if he was finally successful in the action.

2. SUNDAY—VIOLATION—BASEBALL—POLICE OFFICERS—ACTS—INJUNCTION.
   Where petitioners proposed to hold baseball games on Sunday in various parts of a city, which games were advertised, some in the newspapers, others by posters, circulars, or placards, to which spectators were invited on payment of an admission fee, such games constituted a violation of Pen. Code, §§ 259, 260, 265, prohibiting "public games of baseball," and hence petitioners were not entitled to an injunction restraining police authorities from interfering with such games.

Separate applications by the Brighton Athletic Club, the Skelly Baseball Club, the Loughlin Lyceum, and the Felix & Barry Athletic Club for the continuation of temporary injunctions restraining William McAdoo, police commissioner of the borough of Brooklyn, and others, from preventing petitioners from playing games of baseball on Sunday. Applications denied.

John Maguire, for plaintiffs.

John J. Delany, James D. Bell, and James W. Covert, for defendants.

KELLY, J. The plaintiffs move for an order continuing a temporary injunction granted on June 3, 1905, ex parte, in these cases, restraining the police authorities in the borough of Brooklyn from interfering with them, and from preventing them from playing games of baseball at various points in the borough on Sunday. The argument of the motions, which had been adjourned to Thursday last, June 22d, by consent of the parties, was then adjourned until

to-day, Saturday, June 24th, against the objection of the corporation counsel, and because of the unavoidable absence of plaintiffs' counsel, and on his agreement to be present to-day. I regret that plaintiffs, having procured these temporary injunctions from one of the justices of this court, do not appear to argue for their continuance, or submit any brief or answer to the affidavits presented by the defendants, contenting themselves with a submission of the cases to the court without brief or argument. As was said a day or two ago in Craushaw v. McAdoo (Special Term, Kings County, decided June 22, 1905) 94 N. Y. Supp. 386, applications for preliminary injunctions are governed by well-established principles of law. The right of the plaintiff must be clear, especially where the effect of the injunction gives to the plaintiff all the remedy to which he would be entitled if he had finally succeeded in the action, and, if the case is not free from doubt, the court will not grant its writ, but will leave the plaintiff to establish his rights at a trial, where all the facts may be deliberately examined. Weiss v. Herlihy, 23 App. Div. 608, 49 N. Y. Supp. 81. Applying these familiar principles to the cases now presented to the court, I do not think the plaintiffs make out a case for the continuance of the stay. The question whether the games of baseball in which they desire to engage on Sunday constitute a violation of Pen. Code, §§ 259, 260, 265, depends on whether the games are "public games of baseball"; i. e. games held out to the public—games to which the public are invited, and to which an admission fee is charged. Gaynor, J., People v. Poole, 44 Misc. Rep. 118, 89 N. Y. Supp. 773. If so, they constitute a violation of the law, and it is the duty of the defendants to interfere to prevent violations of the law.

It is not contended that the Legislature has prohibited recreation or healthy sport which does not invade the sanctity of the day in the sections of the Code referred to. Mr. Justice Gaynor discusses the matter at some length in the case cited, and I agree that there is no prohibition against the man who is forced to labor during the weekdays, preventing him from enjoying himself in an orderly and decent manner on Sunday, so long as the repose of the community is not interrupted. But the prohibition is clear against Sunday games which are advertised, to which the general public are invited, and which they attend in great numbers, and to witness which money is charged, directly or indirectly, or which are conducted for financial profit. This is not the wholesome recreation of the individual which the law will not prevent. It may be sport, but it is public sport, and a quasi business undertaking. This is prohibited by the Legislature—whether wisely or unwisely it is no part of the court's duty to say. If the law is improper, the remedy is by application to the Legislature for its repeal. It is not for the court to make the law or to countenance its evasion. It is argued that there is no inherent evil in a game of baseball, and that attendance at such a sport by the public will keep them from less desirable resorts on Sunday; that, on the whole, the pastime is healthy and honest, and that, where the locality is such that the quiet and decency of the community is not disturbed, no good reason exists

for forbidding the games. This may be true, but the remedy is with the lawmaking power, and it would appear that, if these arguments are sound, the attention of the Legislature should have been called to the matter before this. But the law remains on the statute books, and while it is there the police authorities should not be enjoined, preliminary to a trial, from enforcing it. People v. Moses, 140 N. Y. 214, 35 N. E. 499; People v. Dennin, 35 Hun, 327; Matter of Rupp, 33 App. Div. 468, 53 N. Y. Supp. 927; Capital City Athletic Ass'n v. Police Commissioner, 9 Misc. Rep. 189, 29 N. Y. Supp. 804; People v. DeMott, 38 Misc. Rep. 171, 77 N. Y. Supp. 249; People v. Hesterberg, 43 Misc. Rep. 510, 89 N. Y. Supp. 498; Dunham v. B. & L. Ass'n, 44 Misc. Rep. 112, 89 N. Y. Supp. 762; People v. Poole, supra.

On the papers submitted to me in these cases the plaintiffs do not make out a case for preliminary injunction. The answering affidavits allege that the games are public games; that they are advertised, some of them in the daily papers, others by posters and circulars or placards produced in court; and it is alleged that money is charged or collected or received in some manner from those invited to witness the games. These facts are not controverted or denied in any way, and, following the uniform course of authority on the question, it is my duty to deny the motions to continue the temporary injunctions heretofore granted.

Motion denied.