Misc.]    County Court, Chemung County, September, 1910.

SOUTHERN TIER BASEBALL ASSOCIATION OF ELMIRA, N. Y.,
Plaintiff, *v.* T. STANLEY DAY, Defendant.

(County Court, Chemung County, September, 1910.)

**Sunday — Sunday sports — Baseball.**

The playing of baseball on Sunday between members of professional teams, in a recreation park controlled by a corporation which operates one of the teams as a business enterprise, is a violation of sections 2143 and 2145 of the Penal Law, though no admission fee be charged; and the sheriff will not be restrained by injunction from preventing such playing.

MOTION for injunction *pendente lite.*

Mortimer L. Sullivan, for plaintiff.

Richard Thurston, for defendant.

NYE, J.    The plaintiff is a domestic corporation and controls and operates a baseball and recreation park in the town of Southport, in the county of Chemung, and owns and operates the baseball team representing the city of Elmira in the New York State League of Baseball Clubs.

On Sunday, July 17, 1910, the baseball team owned and operated by the plaintiff attempted to play a game of baseball with the team representing the city of Syracuse, in said New York State League of Baseball Clubs, but was prevented from so doing by the defendant, who is the sheriff of the county of Chemung, in which such baseball and recreation park is situated.

The defendant then and there stated that, as often as any member of said baseball team attempted to play baseball within the said grounds on such occasion, he would arrest him and stop and prevent such game.

On Sunday, July twenty-fourth, the baseball team owned and operated by the plaintiff attempted to play a game of baseball with the team representing the city of Binghamton

in said New York State League of Baseball Clubs, but was prevented from so doing by deputies of the defendant.

It is contended by the plaintiff that its baseball and recreation park is private ground and that the games attempted to be played on said above dates were not publicly or privately advertised; that the public was not invited; that no admission fee was charged and that within said grounds there was no disorder or any act of commission which interrupted or tended to interrupt the peace and repose of the Sabbath, or the religious liberty of the community.

Section 2143 of the Penal Law is as follows: "All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community."

Section 2145 of the Penal Law is as follows: "All shooting, hunting, fishing, playing, horse racing, gaming or other public sports, exercises or shows upon the first day of the week, and all noise disturbing the peace of the day are prohibited."

In Brighton Athletic Club v. McAdoo, 47 Misc. Rep. 432, Kelly, J., citing Craushaw v. McAdoo, Id. 420, says: "Applications for preliminary injunctions are governed by well-established principles of law. The right of the plaintiff must be clear especially where the effect of the injunction gives to the plaintiff all the remedy to which he would be entitled if he had finally succeeded in the action, and if the case is not free from doubt the court will not grant its writ but will leave the plaintiff to establish his rights at a trial, where all the facts may be deliberately examined."

Plaintiff seeks to enjoin the defendant from the performance of what he deems to be his duty as a peace officer.

The real question is as to whether the games of baseball, in which the plaintiff desires to engage on Sunday, constitute a violation of sections 2143 and 2145 of the Penal Law.

In People ex rel. Poole v. Hesterberg, 43 Misc. Rep. 510, Gaynor, J., says: " The question therefore is whether playing a game of baseball on Sunday is in and of itself a

crime, or whether it is a crime only when it interrupts the repose and religious liberty of the community. The latter was decided * * * in the case of Dennin, 35 Hun, 327. That decision is controlling. It was not overruled by the Moses case in the Court of Appeals (140 N. Y. 214)." In People v. Poole, 44 Misc. Rep. 118, and In re Rupp, 33 App. Div. 468. it is held that a game of baseball on the first day of the week, to which the public is invited, and for which an admission fee is charged, is a violation of section 259 of the Penal Code, now section 2145 of the Penal Law.

It will be observed, from the cases above cited, that it is not the act of playing baseball upon the Sabbath which is prohibited; and that the acts of third parties in inviting the public to attend such game, and the charging of an admission fee thereto, render the very act which otherwise might have been a wholesome recreation, a criminal offense.

The plaintiff is a corporation and its baseball team is composed of persons engaged in the public playing, for money, of professional baseball, with other clubs constituting the New York State League; and the games which they were prevented from playing, by the acts of the defendant, were a part of the series of games regularly scheduled to be played by the plaintiff's team, as members of the New York State League of Baseball Clubs. The statute has not prohibited recreation or healthful sport which does not invade the sanctity of the Sabbath in the sections of Penal Law above referred to, but the prohibition is clear against Sunday games of baseball which are advertised and to which the public is invited or to which an admission fee is charged.

The plaintiff operates its baseball team as a business enterprise and the players are engaged in playing baseball for hire and as a business and not for their own amusement.

The playing of games of baseball, upon Sunday, between members of professional teams which are members of the State League of Baseball Clubs and which are games of the series which are to be played between members of such league of baseball clubs, is not the recreation of the individual which the law will not prevent. If it be sport, it is

a public sport and is a *quasi* business undertaking./ This is prohibited by the statute — whether wisely or unwisely it is not part of the court's duty to say. It is not for the court to make the law or to countenance its evasion; and, while there is no inherent evil in a game of baseball, whether an admission fee be charged or not, and the attendance at such a sport by the public may keep it from less desirable resorts on Sunday, the law prohibits it and the defendant should not be restrained from enforcing it.

Motion denied.