(38 Misc. Rep. 171.)

PEOPLE ex rel. BEDELL v. DE MOTT, Constable.

(Supreme Court, Special Term, Kings County. June, 1902.)

VIOLATION OF SUNDAY LAW—PLAYING BALL.

Playing baseball on Sunday, when not amounting to a serious interruption of the religious liberty and repose of the community, is not a violation of Pen. Code, § 265, prohibiting certain games and all noises disturbing the peace of the day.

Application by the people, on the relation of Fred Bedell, for a writ of habeas corpus. Relator discharged.

F. L. Gilbert, for relator.
John J. Graham, opposed.

GAYNOR, J. The relator, a boy, was arrested by virtue of a warrant issued by a justice of the peace of the town of Hempstead, county of Nassau. The warrant was issued on a complaint that the relator on May 25, 1902, in the said town, "did unlawfully and knowingly violate section 265 of the Penal Code of the state of New York relating to public sports on the Sabbath day in that he was playing a game of baseball which is a public sport." There is no statement of any particular facts showing where in the town he played, whether the place was remote, or in the public highway, or whether there was an assemblage or noise, or whether the repose of the community was interrupted.

Section 259 of the Penal Code is as follows:

"The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community."

Section 265 is as follows:

"All shooting, hunting, fishing, playing, horse racing, gaming or other public sports, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day, are prohibited."

It was decided by the general term of the supreme court in this judicial department in 1885, in the case of People v. Dennin, 35 Hun, 327, that ball playing on Sunday in an open space is not in itself prohibited by these sections, except in cases where it is "a serious interruption of the repose of the community."

It is now claimed that such decision was overruled by the later

decision of the court of appeals in 1893 in the case of People v. Moses, 140 N. Y. 214, 35 N. E. 499; but the claim does not seem to be well founded. That case was a prosecution for fishing on Sunday. The ·opinion there written by Judge Earl was that the offense was made out by the simple act of fishing, although the repose and religious liberty of the community were not interrupted. Two other judges concurred with him in this, and three dissented. The remaining judge of the seven concurred in the result only, and on the ground that the evidence showed that "the act complained of was committed under such circumstances as to constitute a serious interruption of the repose and religious liberty of the community." It thus appears that four of the seven judges refused to concur in the view that the mere act alone constituted the offense, regardless of whether it interrupted the repose and religious liberty of the community.

As the complaint here contains no facts showing that the repose and religious liberty of the community were interrupted it states no offense.

The relator is discharged.