(56 Misc. Rep. 285.)

ONTARIO FIELD CLUB v. McADOO.

(Supreme Court, Special Term, New York County. July, 1906.)

SUNDAY—VIOLATION OF SUNDAY LAW—INJUNCTION.

    The police will not be restrained from preventing baseball playing on Sunday on the grounds of an athletic association, where those only are admitted who buy score cards at the ticket office at 25 cents each.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Sunday, § 11.]

Action by the Ontario Field Club against William McAdoo. Motion for temporary injunction denied.

Francis H. Boland, for plaintiff.

John J. Delaney, Corp. Counsel, for defendant.

BLANCHARD, J. The plaintiff is a membership association, duly incorporated under the laws of the state of New York. It was organized, according to the charter, for the purposes of promoting social and friendly intercourse among its members, and especially for the purpose of encouraging athletic sports, such as baseball, football, and other athletic pastimes and exercises. On several Sundays, to wit, May 28, June 4 and 11, 1905, the police force of the city interfered, and prevented the plaintiff from playing baseball on its grounds; and the plaintiff now asks the court for an order restraining the police from further interference. The contention of the plaintiff is that its athletic grounds are private, and that it does not propose to have any public exhibitions, nor to charge any admission fee. The defendants deny this, and allege that on June 10, 1905, the plaintiff advertised a game of baseball for the next day, which was Sunday; that persons to the number of 100 went to the ticket office of plaintiff just before the game was called, and each of them paid 25 cents for a score card; that the score card in each instance was handed to a man at the entrance gate, who tore a corner off the same, and returned the remainder to the person from whom he received it, and thereupon such person entered the premises through the entrance gate. A detective officer of the precinct in which the premises of the plaintiff are located deposes that he gained admission in the manner described. The plaintiff replies to none of these allegations. This is a new knock on an old door. Time and again the court has been asked for the relief sought herein, and it has been as often refused. It is not illegal per se to play baseball on Sundays, but it may become illegal by attending circumstances. It is illegal when carried on as a public sport, as, for example, when the public is invited by advertisements in the public press or otherwise, and an admission fee is charged or collected. A private club may play baseball or any other game on Sunday upon its own grounds, and the game may be wit-

nessed by all in view of it, provided no admission fee is charged or collected, and the game is not advertised, and is played in an orderly and quiet manner, without disturbing the peace of the day or the neighborhood. Attempts to evade the law by one device or another are becoming alarmingly frequent, and it is the duty of the courts to sustain the police force in all its proper acts, and to encourage it to enforce the law. There is nothing in the papers to indicate that the police have done anything unlawful or contemplate doing any unlawful act, and the motion for injunction must be denied, with $10 costs.