(56 Misc. Rep. 287.)

### PEOPLE ex rel. HART v. DEMEREST.

(Supreme Court, Special Term, New York County. July 31, 1905.)

SUNDAY—BASEBALL PLAYING.

　　Baseball playing on Sunday in an inclosed ground, to which the public is admitted without hindrance, is within the prohibition of Pen. Code, § 265, prohibiting public sports on Sunday, though no admission is demanded, where a contribution box is placed at the entrance gate for purposes of voluntary contribution.

Certiorari by the people, on the relation of one Hart, against Demerest. Writ dismissed.

Lewis Stuyvesant Chanler, for the application.
Robert C. Taylor, Asst. Dist. Atty., opposed.

BLANCHARD, J. This is a writ of certiorari, bringing up for review the deposition upon which the relator and others were committed by a city magistrate. The relator, together with other persons, is a member of a baseball club called the "Cedar Baseball Club," and played a game of nine innings with another club called the "Emerald Baseball Club" on Sunday afternoon in Bronx Oval, an inclosed ground, surrounded by a fence eight feet high. The ground is adja-

cent to the highway, but not observable from the highway, and is about 1,000 feet from the nearest house and a quarter of a mile from the nearest place of worship. No complaint has been made by any one in the vicinity of the ground of any disturbance. The game was played in the presence of about 1,000 men, women, and children, who gained admittance to the ground through a single gate, at which was placed a box, in which any of them voluntarily dropped coins, ranging from 5 to 25 cents. No person was denied access to the ground, nor was the payment of money exacted as a condition of admittance. After the game the relator, together with other persons, was arrested upon the charge of violating section 265 of the Penal Code. The section above mentioned provides:

"All shooting, hunting, fishing, playing, horse racing, gaming or other public sport, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day, are prohibited."

. Public baseball playing on Sunday, for which an admission is charged, is clearly within the prohibition of the statute. Matter of Rupp, 33 App. Div. 468, 53 N. Y. Supp. 927; Brighton Athletic Club v. McAdoo, 47 Misc. Rep. 432, 94 N. Y. Supp. 391; People v. Poole, 44 Misc. Rep. 118, 89 N. Y. Supp. 773; Capital City Athletic Ass'n. v. Commissioners, 9 Misc. Rep. 189, 29 N. Y. Supp. 804; Dunham v. Binghamton & L. B. B. Ass'n, 44 Misc. Rep. 112, 89 N. Y. Supp. 762. Since the game of baseball in the present case was played in a field apparently adapted for a public audience, to which the public was admitted without hindrance, it seems that the game must be regarded as public, and therefore within the letter of the statute. The placing of the contribution box at the single gate of entrance, although unaccompanied by any sign asking for contributions, was actually a silent invitation for contributions, and shows that the game was played for gain, and therefore within the principle of the cases above mentioned. In determining whether the game is played for gain, the court will look behind the device by which the money is obtained. Ontario Field Club v. McAdoo (N. Y. L. J. July 5, 1905) 107 N. Y. Supp. 295. The facts of the present case are, accordingly, clearly distinguishable from those in the following cases, where the game was not played for gain nor in such public manner as to disturb the repose of the community: People, etc., v. Dennin, 35 Hun, 327; People ex rel. Bedell v. De Mott, 38 Misc. Rep. 171, 77 N. Y. Supp. 249; People ex rel. Poole v. Hesterberg, 43 Misc. Rep. 510, 89 N. Y. Supp. 498.

The writ is therefore dismissed.