(55 Misc. 37)

PAULDING v. LANE, Sheriff.

(Supreme Court, Special Term, Westchester County. June 12, 1907.)

1. SUNDAY—BASEBALL PLAYING—ELEMENTS OF OFFENSE.

Under Pen. Code, § 265, making baseball playing on Sunday to which the public is invited a misdemeanor, the giving of public exhibitions of baseball on Sunday constitutes an offense, whether an admission fee is charged or not.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Sunday, § 11.]

2. ARREST—OFFICERS—AUTHORITY.

It is the right and duty of a sheriff, as a peace officer, to arrest without a warrant all persons who may be engaged in his presence in giving a public exhibition of baseball on Sunday, in violation of Pen. Code, § 265.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, §§ 145–156.]

3. INJUNCTION—CRIMINAL ACTS.

Equity will not interfere to enjoin a sheriff from enforcing Pen. Code, § 265, prohibiting public baseball exhibitions on Sunday.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 155.]

Suit by Peter Paulding for himself and others against Charles M. Lane, as sheriff of Westchester county, to restrain defendant from enforcing Pen. Code, § 265, prohibiting public exhibitions of baseball on Sunday. Injunction denied.

Doud H. Hunt, for plaintiff.

John M. Perry and Harry R. Barrett, for defendant.

TOMPKINS, J. Baseball playing on Sunday, to which the public are invited, is prohibited by section 265 of the Penal Code, and is a misdemeanor, whether an admission fee is charged or not. The Legislature, in the exercise of its undoubted power, has forbidden the holding of public games and sports on that day. The question is not whether the law is wise or unwise, or reasonable or unreasonable. The statute is plain, and, while it remains the law, must be observed and enforced. Some judges have differed as to whether the charging of an admission fee is necessary to bring the game within the prohibition of the statute. In my opinion it is immaterial whether a charge is made or not. The purpose of the law is to preserve the quiet and repose of the community and the sanctity of the Sabbath, and it matters not whether an admission fee is charged or not, so long as the game is open to the public and likely to attract a considerable number of people. In fact, a game to which no admission is charged is likely to draw a larger and more noisy crowd than a game that is limited to those who pay for the privilege of witnessing it.

It is the right and duty of the sheriff, as a peace officer, to arrest any and all persons who may be engaged in his presence in playing such a game.

Courts of equity will not interfere to prevent the enforcement of the criminal law.

Motion for injunction pendente lite is denied, with $10 costs.