### UNITED VAUDEVILLE CO. v. ZELLER et al.

(Supreme Court, Special Term, Erie County. February, 1908.)

1. SUNDAY—REGULATIONS—ACTS PROHIBITED.

Under Pen. Code, §§ 259–277, prohibiting the doing on Sunday of specified acts declared to be serious interruptions of the repose and religious liberty of the community, the doing of any act on Sunday is prohibited which the Legislature deems is an interruption of the repose and religious liberty of the community, and such repose is deemed to be interrupted by the doing of certain of such prohibited acts, however quietly they may be done.

2. SAME—PUBLIC SHOWS.

Under Pen. Code, §§ 259–277, prohibiting labor on Sunday, except works of necessity and charity, when performed in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community, prohibiting all theatrical performances on Sunday, etc., a moving picture show, open to the general public, to which an admission fee is charged, giving numerous exhibitions daily in a theater located on the principal street of a city, in close proximity to places of worship, may not lawfully open on Sunday.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Sunday, §§ 11, 12.]

Action by the United Vaudeville Company against Henry C. Zeller and others, police commissioners of the city of Buffalo. Application for a temporary injunction to restrain defendants from closing on Sundays the theater of plaintiff. Denied.

Eugene L. Falk, for plaintiff.
John W. Ryan, City Atty., for defendants.

POUND, J. The Penal Code (sections 259–277) prohibits the doing on Sunday of certain specified acts, which are declared to be "serious interruptions of the repose and religious liberty of the community." Pen. Code, § 259. The doing of no act on Sunday is prohibited, except for the reason that the Legislature deems that the doing of such act is an interruption of the repose and religious liberty of the com-

munity; but such repose is deemed to be interrupted by the doing of certain of such prohibited acts, however quietly said acts may be done. All labor on Sunday, excepting works of necessity and charity, is prohibited. Section 263. All trades, manufactures, and agricultural or mechanical employments are prohibited on Sunday, except that such works of necessity are permitted as may be performed on that day so as not to interfere with the repose and religious liberty of the community. Section 266. All public traffic on Sunday is prohibited, with certain exceptions deemed to be. needful to the comfort of the community and not interrupting its repose. Section 267. All theatrical performances on Sunday are prohibited. Section 277. "All shooting, hunting, fishing, playing, horse racing, gaming or other public sport, exercises or shows," are prohibited upon Sunday; also all noise disturbing the peace of the day. Section 265.

It is claimed on this hearing that a moving picture show open to the general public, to which an admission fee is charged, giving numerous exhibitions daily in a hall or theater located on the principal street of the city; in close proximity to places of worship, does not come within any of the prohibited acts above set forth, and that it may be lawfully opened on Sunday. On motions for preliminary injunctions in the First judicial district it has been held that such moving picture shows are not "public shows," within the meaning of section 265 of the Penal Code, and injunctions have been granted restraining police interference therewith on Sunday. On like motions in the Second judicial district the contrary has been held, and the injunctions have been denied. It has been held that the "public shows" prohibited by section 265 are only those which are out of door, in public view. Keith & Proctor Amusement Co. v. Bingham (Sup.) 108 N. Y. Supp. 205.

It has not been clearly demonstrated why the Legislature should have prohibited all out of door public shows, and also the performance of any tragedy, comedy, opera, ballet, farce, negro minstrelsy, negro or other dancing, wrestling, boxing, sparring contest, trial of strength, or any aërial, equestrian, or dramatic performance or exercise, or any performance or exercise of jugglers, acrobats, club performances, or rope dancers on Sunday, and provided that aiding in such performances by advertisement or otherwise should be a misdemeanor, and that every person who leases any place for the purpose of such performance is guilty of a misdemeanor (section 277), and should at the same time have intended to permit a moving picture show to open its doors on Sunday. A fair construction of sections 259–277 of the Penal Code leads to the conclusion that all public shows are prohibited as "serious interruptions to the repose and religious liberty of the community."

The courts have repeatedly held that ball playing on Sunday, for which an admission is charged, is a public show, whether noise actually disturbs the peace of the day or not, because the statute presumes that such ball playing interrupts the repose of the community. People v. Poole, 44 Misc. Rep. 118, 89 N. Y. Supp. 773. That seems to be the case with this plaintiff. It gives a "public show," and it is to be presumed that such act, if done on Sunday, will interrupt the repose of the community.

Motion denied.