(81 Misc. Rep. 307.)

GREATER NEWBURGH AMUSEMENT CO., Inc., v. SAYER, Sheriff.

(Supreme Court, Special Term, Orange County.   June 13, 1913.)

SUNDAY (§ 6*)—CRIMINAL OFFENSES—BASEBALL.

A public baseball game between professional teams, conducted under the auspices of a league of baseball for profit, is within Penal Law (Consol. Laws 1909, c. 40) § 2145, prohibiting public sports and shows on Sunday, and it is immaterial whether an admission fee is charged.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 11, 12; Dec. Dig. § 6.*]

Action by the Greater Newburgh Amusement Company, Incorporated, against William S. Sayer, as Sheriff of the County of Orange. Motion for a temporary injunction denied.

James M. H. Wallace, of Newburgh, for plaintiff.
Bacon & Rorty, of Goshen, for defendant.

TOMPKINS, J. This is a motion by the plaintiff for an injunction pendente lite to restrain the defendant, as sheriff of the county of Orange, from interfering with the playing of baseball on Sunday by or under the auspices of the plaintiff.

The plaintiff is a domestic corporation, and the owner of a baseball club, which is a member of the New York and New Jersey Baseball League. This league, of which the plaintiff is a member, has issued a printed schedule of games for the year 1913, several of which are advertised to be played in the county of Orange, just outside of the limits of the city of Newburgh, on Sundays. The defendant, as sheriff of the county of Orange, has interfered with some of the games already scheduled to be played on the first day of the week, and this action has been brought to restrain him from further interference with such games.

The members and players of the plaintiff's baseball team or club, are professionals, and are paid for their work, while the different clubs, including the plaintiff, which constitute the New York and New Jersey League, are engaged in this professional ball playing for profit, if any can be made. To those games the public are invited and admitted, although it is alleged on the part of the plaintiff that no admission fee is charged for Sunday games. That, however, I regard as immaterial. The games advertised to be played on Sunday are public games, and are contests between professional baseball teams, conducted under the auspices of the said New York and New Jersey League, and the games already played on Sunday, in Orange county, have been largely attended. Under these circumstances, it is clearly the duty of the sheriff to interfere with and prevent such games.

Section 2145 of the Penal Law (Consol. Laws 1909, c. 40) is as follows:

"All shooting, hunting, fishing, playing, horseracing, gaming, or other public sports, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day, are prohibited."

A baseball game, to which the public are invited, comes within the inhibition of this section, and is a misdemeanor, whether an admission fee is charged or not. This has been held to be the law in the case of People ex rel. Hart v. Demerest, 56 Misc. Rep. 287, 107 N. Y. Supp. 549, Southern Tier Baseball Association of Elmira v. T. Stanley Day, 69 Misc. Rep. 53, 125 N. Y. Supp. 733, and Paulding v. Lane, Sheriff of Westchester County, 55 Misc. Rep. 37, 104 N. Y. Supp. 1051. The Legislature, in the exercise of its undoubted power, has forbidden the holding of public games and sports on Sunday; and so long as that is the law, it must be enforced, whether it seems to us wise or unwise, reasonable or unreasonable.

Some judges have differed as to whether the charging of an admission fee is necessary to bring the game within the prohibition of the statute. In my opinion, it is immaterial whether a charge is made or not. The purpose of the law is to preserve the quiet and repose

of the community, and the sanctity of the Sabbath; and it matters not whether an admission fee is charged or not, so long as the game is open to the public, and likely to attract a considerable number of people. It seems to me that a game to which no admission is charged is likely to draw a larger and more noisy crowd than a game that is limited to those who pay for the privilege of witnessing it.

The claim is made by the plaintiff that its games are regulated and controlled in a manner similar to the West Point games. The West Point contests are not professional games, nor are they played on Sunday. Those who believe in Sunday baseball games must go to the Legislature for relief, and not to a court of equity. So long as the present law remains, it must be observed and enforced, and it is the right and duty of the sheriff, as a peace officer, to arrest any and all persons who may be engaged in his presence in violating it. Courts of equity will not interfere with or prevent the enforcement of the criminal law.

Motion for an injunction pendente lite is denied, with $10 costs.