(91 Misc. Rep. 580)

### VELODROME CO., Inc., v. STENGEL, Sheriff.

(Supreme Court, Special Term, Erie County. September, 1915.)

SUNDAY ☞6—SUNDAY SPORTS FOR PROFIT—OFFENSE.

 The conduct for profit on Sunday of motor cycle and bicycle races within an unroofed inclosure, located in a sparsely settled locality 500 feet from any public road, at a place where there are no churches, schoolhouses, or public buildings nearer than half a mile, is a violation of Penal Law (Consol. Laws, c. 43) § 2145, providing that "all * * * public sports, exercises or shows upon the first day of the week * * * are prohibited."

 [Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 11, 12; Dec. Dig. ☞6.]

Action by the Velodrome Company, Incorporated, against Edward Stengel, as Sheriff of Erie County. On motion for permanent injunction. Motion denied, and temporary injunction vacated.

Hammond & Hinkley, of Buffalo (Clark H. Hammond, of Buffalo, of counsel), for plaintiff.

Wesley C. Dudley, Dist. Atty., of Buffalo (B. J. Shannahan, Asst. Dist. Atty., of counsel), for defendant.

BISSELL, J. The plaintiff is seeking by this motion to obtain a permanent injunction restraining the defendant, as sheriff of Erie county, from interfering with the conduct of the plaintiff's business and the operation on Sunday of its entertainments and exhibitions.

The facts set forth in the moving papers are undisputed. The defendant is a domestic corporation engaged in the business of conduct-

ing exhibitions of motor cycle and bicycle races within an unroofed inclosure, called a "velodrome," one-third of which is composed of a circular wall about 40 feet in height. Nothing can be seen from the outside of the structure of what is taking place within it. An amphitheater, comprising seats for 6,500 persons, surrounds an oval or circular track a quarter of a mile in circumference, upon which the exhibitions of the motor and bicycle races are given.

The "velodrome" is located on a piece of land, 14 acres in area, distant 500 feet from any public road or building, in a sparsely settled locality in the town of Tonawanda. There are no churches, schoolhouses, or public buildings within a distance of one-half or three-quarters of a mile. No complaints have been made by persons residing in the vicinity of any disorder or disturbance of the peace, or of any serious interruption of the repose and religious liberty of the community. The general public is invited, by extensive advertising, to attend the exhibitions on Sunday, and an admission fee of 25 and 50 cents, according to the location of the seat, is charged.

The question presented for determination is whether or not the act of the plaintiff in conducting these exhibitions on Sunday is a violation of section 2145 of the Penal Law, which reads as follows:

"All shooting, hunting, fishing, playing, horse racing, gaming *or other public sports, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day are prohibited.*"

I am unable to see any distinction between a public sport of the character here described and conducted under the circumstances here shown, and the game of baseball, which the courts have repeatedly held to be a violation of the penal statute above quoted, when played on the first day of the week; the general public being invited and an admission fee being charged. Matter of Rupp, 33 App. Div. 468, 53 N. Y. Supp. 927.

It is not illegal per se to play baseball on Sunday. It becomes illegal when played in such a manner as to interrupt the repose and religious liberty of the community, or when the game is public and an admission fee is charged, directly or indirectly. People ex rel. Hart v. Demerest, 56 Misc. Rep. 287, 107 N. Y. Supp. 549; Brighton Athletic Club v. McAdoo, 47 Misc. Rep. 432, 94 N. Y. Supp. 391. The motor and bicycle races conducted for profit by the plaintiff are public sports similar in character to the game of baseball when exhibited for profit to the general public.

The case of People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690, is urged as an authority for the contention of the plaintiff that the velodrome races are indoor sports, and therefore not prohibited. The decision of this case was rendered by a divided court, and, as it seems to me, by a most liberal construction of the statute, excepted moving picture shows from its prohibition, by distinguishing them as indoor sports from outdoor sports, which are admittedly forbidden. The public sport here under consideration is not similar to moving picture shows, for the reason that it is conducted in the open air, and is clearly an outdoor sport. In determining whether or not the conduct of the velodrome races on Sunday constitutes a violation of the law,

the same rules should be applied that govern the determination of the question with reference to baseball. Where the public generally is invited to a game of baseball, or where an admission fee is charged, or where the peace of the day is disturbed, the law is violated. Where an admission fee is charged, even though the peace be not disturbed, or where the peace is disturbed, even though an admission fee be not charged, or where the game is open to the public, whether or not an admission fee be charged, or whether or not the peace be disturbed, the law is violated.

Sunday legislation is more than 15 centuries old. The origin of the present law of the state of New York is found in chapter 42 of the Laws of 1788. The so-called Blue Laws of the colony of Connecticut went so far as to forbid a man to kiss his wife on Sunday, and Lord ·Macaulay in his History of England says of an element of·our citizenship, whose influence on Sunday legislation is still felt throughout this country:

"The Puritans hated bear-baiting, not because it gave pain to the bear, but because it gave pleasure to the spectators."

While the opinions of a large part of the American people now seem to favor greater freedom of action on Sunday and the fullest enjoyment of athletic sports, which are in themselves innocent, nevertheless the statutes of the state prohibit the doing of certain specified acts on Sunday, and are still in force and must be upheld. If these laws are unsatisfactory, the remedy is by application to the Legislature for their amendment or repeal. It is not the function of the court to attempt to accomplish this object by construction.

The motion for a permanent injunction, brought on by the order to show cause heretofore and on the 28th day of August, 1915, made herein, is therefore denied, and the temporary injunction heretofore granted herein is vacated and set aside, with $10 costs.

Ordered accordingly.