(96 Misc. Rep. 63)

KOELBLE v. WOODS, Police Com'r, et al.

(Supreme Court, Special Term, Kings County. July 3, 1916.)

SUNDAY ☾⚊6(1)—CONSTRUCTION OF STATUTE—"PUBLIC SPORTS, EXERCISES, OR SHOWS."

An advertised celebration to be held at a speedway on Sunday, to which an admission fee was to be charged, and the proceeds of which, less the expenses, were to be given for charitable purposes, and at which there were to be marathon races, as well as general athletics, to demonstrate the value of physical training, and to allow men of alien birth or stock to attest their patriotism in a manner most appropriate to them, was within Penal Law (Consol. Laws, c. 40) § 2145, prohibiting "public sports, exercises, or shows" on Sunday, so that the police commissioner's execution of his intention to prevent it would not be enjoined.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 11, 12; Dec. Dig. ☾⚊6(1).

For other definitions, see Words and Phrases, Second Series, Public Sport; Public Show.]

☾⚊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alphonse G. Koelble, as president of the Liberty Day Association, moves for preliminary injunction against Arthur Woods, individually, as Police Commissioner, etc., and others.    Motion denied.

Stephen C. Baldwin, of Brooklyn, for plaintiff.

Louis H. Hahlo, Asst. Corp. Counsel, of New York City, for defendant Woods.

J. Gardner Stevenson, of New York City, for Sunday Observation Ass'n.

Peter B. Hanson, of New York City, for sheriff.

CALLAGHAN, J.    This is an application to restrain the police of the city of New York, the sheriff of the county of Kings, and the other defendants from in any way interfering with the celebration to be held by the plaintiff, which is an unincorporated association, at the Sheepshead Bay Speedway on Sunday following the date of this application.

[1, 2] The plaintiff has advertised this celebration extensively, and has also advertised that an admission fee of 25 cents will be charged, and all the proceeds, less the expenses of the celebration, will be given for charitable purposes.    The celebration, as is shown by the moving affidavits, will consist of marathon foot races, bicycle and motorcycle races, as well as general athletics, to demonstrate the value of physical training and to participate in large numbers in this great patriotic reunion, and to allow men of alien birth or stock to attest their Americanism in a manner most appropriate to them.

The defendant Sunday Observation Association of Kings County has written letters to the police commissioner and the sheriff of the county of Kings, advising them of the celebration which is to be held, and asking their co-operation in preventing the performance, upon the ground that the holding of this celebration is in violation of the Sabbath Day Law.

There is no question, I take it, that the police and the sheriff have evidenced their intention of prohibiting the performance, and the question now arises as to whether or not they should be restrained from so doing upon the ground that the celebration is a violation of the penal statutes prohibiting interruptions of the religious liberty of the community.    It is claimed that inasmuch as this celebration is to be given for purely charitable purposes, and as it will not in any way interrupt the repose and religious liberty of the community, the Sabbath Day statute does not apply to this situation.    Section 2145 of the Penal Law is as follows:

"*Public Sports on Sunday.*    All shooting, hunting, fishing, playing, horse-racing, gaming or other public sports, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day are prohibited."

The language of this statute, to my mind, is perfectly plain, and little or nothing is left to conjecture as to its meaning; but the difficulty lies in the fact that its meaning has been so extorted by the construction which has been placed upon it by the court as to leave serious doubt in the minds of some as to what was intended by the Legislature when it was enacted.    It seems to me that in most of the decisions con-

struing this statute the court has been led to placing a construction upon it which accords more with the belief of the individual judge as to what the law should be rather than what it is. These strained constructions are numerous. It is the plain duty of the court to give to this statute the meaning which was intended that it should have, irrespective of the results. This statute, except for a few minor changes, was passed in 1788, and it may be that since that time conditions have so changed that a vast majority of the people of this and other communities do not believe in the strict enforcement of the statute; but that is a matter for the Legislature, and not for the courts. As long as it remains on the statute books it should be enforced, and if it is wrong the surest way to have it repealed·is by strict enforcement. It is no argument against this statute to refer to it as a "blue law." As long as it remains on the statute books it should be enforced.

On the argument counsel relied upon the case of the People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690, and urged that this case was an authority for granting this motion, and, further, that this court was bound by the decision of the Appellate Division of this department, and was compelled to follow that decision. There is no disputing the proposition that the court at Special Term should be bound by the decisions of the Appellate Division and follow them, and the Hemleb Case is authority here for the denial of this motion rather than the granting of it. In writing the opinion for the Appellate Division Mr. Justice Gaynor said:

"The statute as it stood before the adoption of the Penal Code indisputably related to out-of-door sports, or things in the open, only. This was the manifest legislative intention."

A number of decisions under this statute, which arose from Sunday baseball playing, have held that before this statute could become operative it must be shown that there was a serious interruption of the repose and religious liberty of the community; but in arriving at that conclusion the courts which have construed this statute in the baseball cases have taken the stand that the case of People v. Dennen, 35 Hun, 327, was and is to-day the law of this state with relation to Sunday observance. The Court of Appeals has said in People v. Moses, 140 N. Y. 214, 35 N. E. 499, that that case did not apply, and in no uncertain terms overrule that decision. In People v. Moses, supra, the Court of Appeals held that the statute meant what it said, and, although there was a dissent by three of the judges, the reason for their dissent evidently did not appear of sufficient weight for them to express it in a dissenting opinion. There it was held that fishing on Sunday, on private property, even though there was no interruption of the repose and religious liberty of the community, was a violation of the statute; the court there holding that as section 265 of the Penal Code, now section 2145 of the Penal Code, having specifically stated that inasmuch as "fishing" was prohibited and in violation of the Sunday Observance Law that it mattered not what section 2140 said with reference to the reasons why the Sabbath Day statute was passed.

In the Hemleb Case, supra, Mr. Justice Gaynor was careful to point out that the statute did not prevent the opening of the moving picture show on Sunday, but said that it applied to outdoor exercises or shows. Can it be argued that this celebration is not "exercise or shows," within the meaning of section 2145 of the Penal Code? I think not. I conclude, therefore, that the celebration which this plaintiff intends to hold, even though the proceeds derived therefrom are for charitable purposes, and the persons participating are actuated by the highest motives and for purely patriotic purposes, is clearly prohibited by the Penal Law, and that it is "public sports, exercises, or shows," within the meaning of section 2145 of the Penal Law, and therefore prohibited.

This motion is denied.