## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### November 22, 1916.

## THE PEOPLE ex rel. LE ROY H. BENDER, Respondent, v. JOSEPH JOYCE and Others, Appellants.

(174 App. Div. 574.)

(1.) SABBATH BREAKING *—EXHIBITION OF MOVING PICTURES ON SUNDAY— PENAL LAW, SECTION 2145, CONSTRUED.

Section 2145 of the Penal Law, prohibiting certain specified sports " or other public sports, exercises or shows, upon the first day of the week," should be construed to prohibit a public exhibition of moving pictures on Sunday given for the purpose of profit, even though said show is conducted indoors and does not result in noise disturbing the peace of the day.

(2.) SAME.

Although said section prohibits " all noise disturbing the peace of the day " such disturbance is not necessary to bring an exhibition within the prohibition of the statute.

(3.) SAME—PENAL LAW—PENAL CODE.

The provisions of the Penal Law should be construed, not as re-enactments, but as compilations or continuations of the Penal Code.

(4.) SAME.

Acts relating to the observance of the Sabbath are remedial statutes and are to be construed liberally in respect to the mischiefs sought to be remedied.

WOODWARD, J., dissented.

APPEAL by the People of the State of New York and by the defendants, Joseph Joyce and others, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Albany

* See Notes, Vols. 18, p. 407; 19, p. 41; 22, p. 43.

on the 6th day of January, 1916, sustaining a writ of habeas corpus and discharging the relator from custody.

*Harold D. Alexander* (*Daniel H. Prior* of counsel), for the appellants.

*Finn & Nolan* (*John J. Finn* and *Gerald Nolan* of counsel), for the relator.

LYON, J.:

The relator was arrested, charged with having violated section 2145 of the Penal Law in having willfully and knowingly maintained and conducted a moving picture show as a public show, to which the public were invited and which the public attended at a theatre located in the city of Albany on Sunday, July 25, 1915. Upon being arraigned on such charge the relator was committed pending trial to the custody of the sheriff of the county of Albany. Thereupon a writ of habeas corpus was applied for and obtained for the purpose of inquiring into the cause of his imprisonment, and if unlawful of relieving him therefrom. The basis of the application for the writ was that the imprisonment was unlawful, for the reason that giving a moving picture show was not prohibited by the Penal Law.

Upon the hearing had before the Special Term the writ was sustained and the relator ordered discharged from custody upon the ground that such show was given indoors in a theatre building, and not being an outdoor show was not prohibited by the section of the Penal Law above cited. The decision of the justice holding the term was placed solely upon the authority of. the case of People v. Hemleb (127 App. Div. 356), by which he considered himself bound. Thereupon an appeal was taken to this court from the order entered upon such decision.

Section 2145 of the Penal Law (Laws of 1909, chap. 88) provides as follows: "All shooting, hunting, fishing, playing,

horse racing, gaming or other public sports, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day are prohibited." The construction which should be given the provisions of this section has been the subject of divergent decisions by the courts of this State. In the case of People v. Hemleb (*supra*) the Appellate Division of the Second Department held that the phrase " or other public sports, exercises or shows " applied only to out-of-door sports, exercises or shows, and, hence, that the section in question, then section 265 of the Penal Code, did not prohibit an indoor exhibition of moving pictures on Sunday. The prevailing opinion states that the charge was not made against the defendant of having charged an admission fee. Two of the five judges comprising the court dissented in an opinion holding that the section prohibited moving picture exhibitions on Sunday, although given indoors. Later this question came before the Appellate Division of the Fourth Department in the case of Hamlin v. Bender (173 App. Div. 996, 159 N. Y. Supp. 1117). That court, while affirming the decision of the trial court (92 Misc. Rep. 16), stated that it did not concur in the views which prevailed in the case of People v. Hemleb. The proper construction to be given the provisions of this section has several times been considered by the court at Special Term, resulting in conflicting decisions, the more prominent of which are the following: Moore v. Owen (58 Misc. Rep. 332); Hamlin v. Bender (92 id. 16); People v. Finn (57 id. 659); People ex rel. Poole v. Hesterberg (43 id. 510); People v. Poole (44 id. 118); Fox Amusement Co. v. McClellan (62 id. 100); Velodrome Co., Inc., v. Stengel (91 id. 580); Brighton Athletic Club v. McAdoo (47 id. 432); Greater Newburgh Amusement Co., Inc., v. Sayer (81 id. 307); Ontario Field Club v. McAdoo (56 id. 285), and People ex rel. Hart v. Demerest (id. 287).

That the exhibition which was maintained and conducted by the relator upon the occasion of his arrest was a public show

within the contemplation of the statute has not been questioned by the relator's counsel either upon the argument before us or in his brief. It was in fact a business venture carried on by the relator for personal pecuniary gain. The general public was invited to attend the exhibition as a Sunday entertainment by alluring posters displayed at the doors. An admission fee was exacted from those entering. A moving picture was displayed. Thereupon the arrest of the relator followed.

The relator bases his claim of right to be discharged from arrest mainly upon the ground upon which the Hemleb case was decided, to wit, that the phrase " or other public sports, exercises or shows " applies only to acts conducted out-of-doors, as is necessarily the case with the sports of fishing, hunting and horse racing. The statute certainly makes no such distinction, but in effect declares such acts to be prohibited whenever and wherever committed on Sunday, without distinction as to whether committed indoors or out-of-doors.

The relator's counsel founds his argument upon the fact that when the original statute prohibiting Sunday sports was enacted in this State more than a century ago the law related mainly to out-of-door sports, or things in the open. It prohibited " shooting, fishing, sporting, playing, horse racing, hunting, or frequenting of tipling houses, or any unlawful exercises or pastimes, by any person or persons within this State, on the first day of the week commonly called Sunday."* Unquestionably these acts related mainly to out-of-door activities, and the counsel argues therefrom that the words " or other public sports, exercises or shows," which were added by chapter 676 of the Laws of 1881, together with the word " pastimes " which was stricken out by chapter 358 of the Laws of 1883, constituting the Penal Code, can be reasonably construed as relating only

---

* See Laws of 1788, chap. 42, § 1; Laws of 1801, chap. 34, § 1; R. L. of 1813, chap. 24, § 1; 2 R. L. 193, § 1; R. S. pt. 1, chap. 20, tit. 8, art. 8, § 70; 1 R. S. 675, § 70.—[REP.

to public out-of-door acts.   As the basis of support of his argument he invokes the rule of *ejusdem generis,* that is, that where general words follow an enumeration of persons or things by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned (Black's Law Dict.) ; hence that these words should be construed as reading " or other *like* public sports, exercises or shows," that is, out-of-door activities.   A similar construction was apparently urged upon the court in the case of Mayor, etc., v. Eden Musée American Co. (102 N. Y. 593), in which the clause " any other entertainment of the stage "* was preceded by the words " * * * tragedy, comedy, opera, * * * minstrelsy, or dancing."   The court held that the clause " any *other* entertainment of the stage " was not limited by the specific words which preceded it, but that the clause was very broad and comprehensive, and certain acts having been specifically mentioned, the wording of the clause implied that there were other entertainments to be included.   In concluding the opinion the court said : " Taking the statute in all its terms, it evidently meant to include all classes of public exhibitions, such as are usually conducted upon a stage for the observation and amusement of the public, and we see no good reason for narrowing or restricting its obvious scope and purpose."

The rule sought to be invoked by the relator was quite fully discussed in Matter of City of New York (57 Misc. Rep. 52), and the conclusion reached by Mr. Justice O'GORMAN that a provision of the charter of the city of New York † which, after declaring unlawful certain specified performances or entertainments on Sunday, declared unlawful " any other entertainment

---

* See Consolidation Act (Laws of 1882, chap. 410), § 1998.—[REP.

† Laws of 1897, chap. 378, § 1481.—[REP.

of the stage." The opinion in that case holds that such clause is to be broadly interpreted and not to be restricted to other entertainments of like nature to those specified, but should be held to prohibit all performances in theatres or places of public amusement and entertainment on Sunday. In seeking to arrive at the proper application of the comprehensive words " or other public sports, exercises, or shows," it is proper to consider the conditions and necessities which called for the embodiment of these words in the statute relating to Sunday observance. In the early period of State existence the recreations were naturally mainly out-of-door activities. In later years came the theatre and other indoor public attractions, with their tendencies to trespass upon the quiet and sanctity of the Sabbath of earlier years, and we then find legislation enacted relating mainly to indoor activities and more clearly defining prohibited acts, as well as much other legislation calculated to render secure to employees and others the Sabbath as a day of rest.

It is also proper in seeking to arrive at the construction which should be given the language of section 2145 that we consider the provisions of the neighboring sections of the Penal Law. Section 2140 provides: " The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community." Section 2141 provides: "A violation of the foregoing prohibition is Sabbath breaking." Section 2142 prescribes that the punishment for Sabbath breaking is by fine or imprisonment or both. Section 2143 provides: "All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community." Section 2152 declares theatrical and other performances on Sunday to be misdemeanors. Certainly these sections of the Penal Law strongly negative any

claim of intent upon the part of the Legislature to exempt public moving picture shows from the inhibition of the statute, but do not appear to have been urged by counsel in the Hemleb case.

The trend of recent legislation has been to so far as possible protect the employee in his right to rest from labor on Sunday. No good reason is apparent for denying that privilege to the ticket seller, the ushers, the operators and the other employees in the thousands of picture shows in the State, while granting it to the employees in various other lines of employment throughout the State. It will not be claimed that such exhibitions fall within the exemption of section 2143 as works of charity or necessity. If they do not, and if included in the term "other * * * shows" in section 2145, the giving of such shows constitutes Sabbath breaking as defined in section 2141, and subjects the violator of the law to the penalty provided by section 2142 above quoted. The relator further contends that a moving picture exhibition is not prohibited unless it creates a noise disturbing the peace of the day. No such exemption is found in the law, but upon the other hand sections 2140 and 2145 negative its existence. The relator also contends that at the session following the decision of the Hemleb case the Legislature, by re-enacting section 265 of the Penal Code as section 2145 of the Penal Law, thereby adopted the construction thus given the section. These provisions of the Penal Law should be construed not as re-enactments but as compilations or continuations of the like provisions of the Penal Code. (Laws of 1909, chap. 596.)

Unquestionably the Legislature possessed authority to regulate the observance of Sunday. (People v. Moses, 140 N. Y. 214; People v. Havnor, 149 id. 195; People v. Dunford, 207 id. 17.) In the case last cited the court said: "That the Legislature has the authority to enact laws regulating the observance of the Sabbath day and to prevent its desecration is not, and cannot well be, disputed. The day is set apart by the statute for repose and for religious observance; objects which pertain

to the physical and moral well-being of the community. As to the acts which should be prohibited, as disturbances, or profanations, of the Sabbath day, the Legislature is the sole judge."

The Legislature alone can decide how Sunday shall be kept, and is the sole judge of acts proper to be prohibited. (People ex rel. Kieley v. Lent, 166 App. Div. 550; affd., 215 N. Y. 626.) If the existing law is in any way unsatisfactory or unjust, the remedy is by application to the Legislature to modify or annul it, not by application to the court whose sole duty is to construe it and say what the Legislature meant by passing it.

The words " or other public sports, exercises or shows " are presumed to have been used by the Legislature in their ordinary and familiar sense and meaning, and are to be so understood and construed.

Acts relating to the observance of the Sabbath are remedial statutes and are to be construed liberally in respect to the mischiefs sought to be remedied. (Smith v. Wilcox, 24 N. Y. 354.)

The vital question to be decided upon this appeal is, what did the Legislature mean when it wrote into the statute relating to the observance of Sunday, following the prohibition against shooting, hunting, fishing, playing, horse racing, gaming, the words " or other public sports, exercises or shows " ? Did it intend to prohibit exhibitions in the nature of the ordinary moving picture show? It would seem clear that the answer to that question must be in the affirmative.

The order of the Special Term must, therefore, be reversed, the writ of habeas corpus dismissed, and the relator remanded to the custody of the sheriff of Albany county.

All concurred, except Woodward, J., who dissented on the authority of People v. Hemleb (127 App. Div. 356).

Order reversed, writ of habeas corpus dismissed, and relator remanded to the custody of the sheriff of Albany county.