Albert W. Twiggar, as President of the Village of Ossining, Plaintiff, *v.* Louis Rosenberg, Defendant.

(Supreme Court, Westchester Special Term, December, 1916.)

Injunction — pendente lite — when injunction not granted — restraining moving picture show on Sunday.

An injunction *pendente lite* will not be granted in an action brought to restrain defendant from conducting a moving picture show on Sunday.

Motion for an injunction.

Thomas G. Barnes, for plaintiff.

Isaac Mizzer, for defendant.

Platt, J. This is a motion to restrain the defendant from conducting a moving picture show pending this action, in one of the thickly settled sections of the village of Ossining and in close proximity to several large churches.

The Appellate Division in this department held in *People* v. *Hemleb,* 127 App. Div. 356, that the only law applicable is section 265 of the Penal Code and that that section does not apply to moving pictures but only to similar shows to those it enumerates.

Moving picture shows were not known at the time this section was enacted. The penalty prescribed for its violation was not exceeding five dollars fine and five days' imprisonment and not much more than that after all the trouble and expense of securing a second conviction of the same person.

In *Hamlin* v. *Bender,* 173 App. Div. 996, the Appellate Division of the fourth department differ with our department and state that the authorities are in conflict and the question can only be settled by the court of last resort.

Since then the Appellate Division of the third department have agreed with the fourth department in *People ex rel. Bender* v. *Joyce,* 174 App. Div. 574, but by a divided court.

The village charter only expressly authorizes the president to commence and prosecute all such suits in the name of the corporation as shall be ordered and directed by the trustees. The resolution of the trustees found here does not expressly authorize him to maintain this action. It has long been held that courts may not resort to injunction to enforce the criminal law, principles of religion or morality except where property rights are involved and that as it is a harsh remedy it should not be granted until a clear *prima facie* case is established in law and fact and usually at the suit of the people or a private person who alleges special damages. Therefore, the motion must be denied, without costs. *Village of New Rochelle* v. *Lang,* 75 Hun, 608; 10 Am. & Eng. Ency. of Law (1st ed.), 914–966, 1002.

'' It is no part of the mission of a court of equity to administer the criminal law of the state, or to enforce the principles of religion and morality, except so far as it may be incidental to the enforcement of property rights, and perhaps other matters of equitable cognizance.'' 10 Am. & Eng. Ency. of Law (1st ed.), 914.

''A court of equity will not interfere to prevent an act merely because it is illegal.'' 10 Am. & Eng. Ency. of Law (1st ed.), 966.

''An injunction, which is a harsh remedy, should not be granted until a clear *prima facie* case is made by the bill.'' 10 Am. & Eng. Ency. of Law (1st ed.), 1002.

Ordered accordingly.