## COURT OF SPECIAL SESSIONS — BROOKLYN — KINGS COUNTY.

September 24, 1917.

## THE PEOPLE v. CHARLES EBBETS AND WILLIAM ROBINSON.

MEMORANDUM on decision of the court after trial of issue of fact.

Present: Hon. ARTHUR SALMON, P. J., HENRY HERBERT and CLARENCE EDWARDS. JJ.

SUNDAY — PENAL LAW, § 2145 — PLAYING BASEBALL.
    A public ball game conducted on Sunday is unlawful, and the fact that the net proceeds of the entertainment were given to a charitable organization for patriotic purposes, it is still an infraction of the law.

SAME.
    The fact that the game was preceded by a concert to which an admission fee was charged and after the concert and before the game of ball commenced, the doors were opened for free admission is of no importance except as an indication of the general and public quality of the entertainment.

EDWARDS, J.:

The defendants had responsible control and management on Sunday, July 1, 1917, of a game of ball at Ebbets Field in the County of Kings. The game was preceded by a concert and other exercises. Admission fees were charged for the concert, and it was made known that the purchasers of seats at the concert had the privilege of retaining such seats during the game which followed. After the concert and before the game of ball commenced, the doors were opened for free admission, to the extent

of the capacity of the grounds, of all persons who desired to enter to witness the game.

The net proceeds of the entertainment were given to the Militia of Mercy, a charitable organization, which has made special patriotic effort for the relief of suffering occasioned by the present war.

The game so conducted was witnessed by about ten thousand persons.

On the foregoing facts the Court must determine whether there has been a violation of the statute forbidding public sports or shows on Sunday.

A public ball game conducted on Sunday is unlawful in this State. (Penal Law, § 2145; People v. Poole, 44 Misc. 118; Koeble v. Woods, 96 Misc. 63.)

The statute is remedial, and full effect must be given to the general terms of description of prohibited acts therein contained. (People ex rel. Bender v. Joyce, 174 App. Div. 574.)

The game in this case was public because the public were invited to attend, and did attend in large assembly. The feature of an admision fee is of no importance except as indication of the general and public quality of the entertainment. In such indication this feature was present here distinctly. The persons who obtained preferred seats for witnessing the ball game by paying for them were permitted and invited by the management to witness the game as spectators paying for the privilege, notwithstanding the declaration was made by the management that the charge was for the concert only, and notwithstanding that a large additional number of persons were admitted free.

What was done with the money received from the guests is of no consequence in determining the question involved in this issue. The thing forbidden is public sport, and it is no less public and no less sport because the money received was devoted to patriotic purpose instead of to the emolument of those conducting the enterprise.

As everyone knows, the judicial function extends only to ascertaining and applying the law as its exists; the frequent declaration found in judicial opinions that the judge must declare the law as he finds it, and that remedy for unwise law must be sought from the proper branch of the government, is merely another form of saying that the judge is bound by his official oath and by a sane conscience to perform his official duty. Mention of this truism ought not to be necessary in this community, which insistently requires that it shall be under government of laws and not of men.

In these times of stress and transcendent importance of the citizen's adequate apprehension of his civic duty, it is essential that the definite standard of established law shall remain in utmost integrity. It is part of patriotism to render ready and scrupulous obedience to the law of the land; and, after all, as we well know, the nation in time of need must and will depend upon the wholesome love of country, indigenous in its inhabitants, the vigor and vitality of which require no artificial stimulant or inducement.

However generous and excellent may have been the motive and purpose of the defendants, their act was, in my opinion, an infraction of the law, and I vote for decision by the Court finding them guilty of the offense charged in the information.

SOLOMON, P. J., and HERBERT, J., vote for conviction.

Defendant adjudged guilty.

## NOTE ON SUNDAY LAWS RESPECTING AMUSEMENTS.

(See also Vol. 18, p. 407; Vol. 22, p. 43.)

The exhibition of moving pictures for the purpose of illustrating lectures delivered at the same time and place, upon the Biblical story of Joseph and his brethren, and the other upon the lumber industry in California, *held*

not to be a violation of section 265 of the Penal Code. (People v. Finn, 22 N. Y. Crim. 55, 57 Misc. 659.)

The phrase " or other public sports, exercises or shows " contained in section 265, Penal Code, which prohibits the desecration of Sunday, applies only to out-of-door sports, exercises or shows, and does not prohibit an indoor exhibition of moving pictures. (People v. Hemleb, 22 N. Y. Crim. 511, 127 App. Div. 356.)

Penal Code sections relative to the observance of Sunday must be construed as substantially continuing previous statutes in force, and not as new statutes. (Moore v. Owen, 22 N. Y. Crim. 58, 58 Misc. 332.)

Section 265, Penal Code, is applicable to all public shows, except those comprehended in the provisions of section 277. (Moore v. Owens, 22 N. Y. Crim. 58, 58 Misc. 332.)

An exhibition of paintings, statuary, wax figures, plaster groupings and curios, unaccompanied by any musical or stage entertainment, not prohibited. (*Held*, Eden v. Bingham, 22 N. Y. Crim. 34, 58 Misc. 644.)

But this case was reversed in 125 App. Div., p. 780, where it was held that a court of equity has no jurisdiction to restrain police officers from carrying out a threat to arrest persons for violating section 265, Penal Law, by holding a public exhibition of wax figures on Sunday, irrespective of whether the police were mistaken in their opinion that such act was a crime.

The appellate court, however, did not directly pass upon the question as to whether the exhibition in question was or was not a violation of the statute.

A moving picture show, open to the general public to which an admission fee is charged, giving numerous exhibitions in a hall or theatre located on the principal street of a city in close proximity to places of worship, comes within the provisions of the Penal Law prohibiting all public shows on Sunday which are serious interruptions of the repose and religious liberty of the community, and a police interference with such exhibitions will not be restrained by injunction. (United v. Zeller, 22 N. Y. Crim. 52, 58 Misc. 16.)

Section 1481 of the Charter of the City of New York, forbidden the giving of certain exhibitions and performances on Sunday, held not repealed by the provisions of the Penal Law on the same subject. (People v. O'Gorman, 22 N. Y. Crim. 47, 124 App. Div. 222.)

A performance of an act of negro minstrelsy by women, having their faces blacked, in male attire, who talk in negro dialect, sing comic songs, distort their faces and relate anecdotes and stories, upon a stage in a theatre, on Sunday, *held* to be a violation of section 2152, Penal Law. (People v. Kingston, 27 N. Y. Crim. 184.)

Section 2152, Penal Law, applies not only to managers, lessees or owners of theatres and those who advertise or post notices thereof, but also to the

actors or actresses taking part therein. (People v. Hammerstein, N. Y. Law J., September 7, 1911. *Contra*, People v. Surratt, Court of Special Sessions, May, 1909.)

The purpose of section 2152 of the Penal Law is to prohibit the giving of theatrical performances on Sunday, and any person who takes part in such performance in any way comes within its provisions and is guilty of a misdemeanor, the one who performes as well as the one who assists. They are all principals. (People v. Hammerstein, 29 N. Y. Crim. 208, 155 App. Div. 204; affirmed, 211 N. Y. 552.)

A moving picture show, operated in a theatre or other building, open to the public upon the payment of an admission fee, is a " public show " within the prohibition of section 2145 of the Penal Law. (People v. McDermott, 31 N. Y. Crim. 32.)

The exhibition of moving pictures on Sunday is not a crime within this State, and unless the legislature authorizes a municipality to do so, it cannot by ordinance compel the closing of moving picture shows on Sunday, nor may its mayor prohibit them by the conditions of a license. (Klinger v. Ryan, 91 Misc. 71.)

The mere act of conducting a moving picture show in an inclosed room is not in and of itself a violation of the Sunday laws. The courts may take judicial notice of the fact that during the hours moving picture shows are exhibited people largely congregate about the entrance thereto going in and coming out to such an extent as to cause at times a congestion of traffic in front of the building. Acts which interfere with the sanctity of the Sabbath as a day of rest and religious devotion, divert the mind from divine and sacred thoughts and which interrupt the repose and religious liberty of the community constitute a public nuisance.

Where a moving picture theatre to which an admission fee is charged is upon a thickly populated city street in the immediate vicinity of a large church and parish buildings connected therewith where religious services are largely attended and Sunday schools held, and the attendants upon such services would be called upon to pass and repass the theatre where signs and posters advertise the exhibition to be given within the building, and where a sign-board on the outer edge of the sidewalk informs passers by that the show is going on, and the box office is but a few feet within the sidewalk, an injunction may be granted to restrain the operation of said theatre on Sundays. (Hamlin v. Bender, 92 Misc. 16.)

A celebration on Sunday, consisting of marathon foot races, bicycle and motorcycle races as well as general athletics, even though the proceeds derived therefrom are to be given for charitable purposes, is a " public sport, exercise or show " within the meaning of section 2145 of the Penal Law, and prohibited thereby. (Koeble v. Woods, 96 Misc. 746.)

An injunction pendente lite will not be granted in an action brought to restrain defendant from conducting a moving picture show on Sunday. (Twiggar v. Rosenberg, 98 Misc. 86.)

In the case last cited, the motion was made by the plaintiff to restrain the conducting of the shows in question. In the other injunction cases, previously decided, the injunction was sought by the proprietor of the theatre, against the enforcement of the Penal Law by the police authorities.

Section 2145 should be construed to prohibit a public exhibition of moving pictures on Sunday given for the purpose of profit, even though said show is conducted indoors and does not result in noise disturbing the peace of the day. (People v. Joyce, 174 App. Div. 574.)

It is not illegal *per se* to play baseball on Sunday (Ontario v. McAdoo, 56 Misc. 285), but it is otherwise where it is played in such manner as to interrupt the peace and quiet of the day and the repose and religious liberty of the community (People v. Dennin, 35 Hun, 327, 3 N. Y. Crim. 127), or where the game is public and an admission is charged, directly or indirectly. (In re Rupp, 33 App. Div. 468; People v. Demarest, 56 Misc. 287; Brighton v. McAdoo, 47 Misc. 432; People v. Poole, 44 Misc. 118, 18 N. Y. Crim. 407; Paulding v. Lane, 55 Misc. 37.) In determining whether the game is played for gain, the court will look behind the device by which the money is obtained. (People v. Demerest, 56 Misc. 287; Ontario v. McAdoo, 56 Misc. 285.) Sunday statutes held to cover moving picture shows. (Gale v. Bingham, 110 N. Y. Suppl. 12 Economoupolos v. Bingham, 109 N. Y. Supp. 728.) The contrary is held in People v. Lynch, 108 Supp. 209; Keith v. Bingham, 108 Supp. 205 (reversed on other grounds, 125 App. Div. 791).

Pictures shown by means of a slot machine and certain musical selections communicated through the ears of a person who has inserted a coin in the Machine held to be not unlawful on Sunday. (People v. Flynn, 108 N. Y. Supp. 108.)

Charge of admission fee held not to be essential to make the act of playing baseball on Sunday a violation of the statute. (Amusement v. Sayer, 81 Misc. 307.)